EMPLOYERS' LIABILITY ASSURANCE CORPORATION *v.* BALTIMORE & OHIO RAILROAD COMPANY

[No. 25, October Term, 1937.]

240

*Decided December 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHN-SON, JJ.

*Michael Paul Smith* and *Charles E. Moylan,* with whom were *Theodore R. McKeldin* and *Morris A. Baker* on the brief, for the appellants.

*John S. Stanley* and *Kenneth H. Elkin,* with whom were *Allen S. Bowie* and *Hershey, Donaldson, Williams & Stanley,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On April 29th, 1935, Howard W. Jones, Jr., was engaged as an employee of the Penn-Maryland Corporation in loading cartons of whisky into a freight car of the Baltimore & Ohio Railroad Company. In the course of that employment the car in which he was working was struck by another freight car under the management of the railroad company, and as a result of the collision Jones received injuries which caused his death. At the time of his death he was 20 years, 7 months, and 2 days of age. Surviving him were his father, Howard W. Jones, Sr., his mother, Lillian Jones, aged 42 and 40 years, respectively, a brother, Melvin, 13 years old, a sister, Mildred, 11 years old, and a sister, Audrey, 2 years old. The father was an invalid, and had been without permanent employment for seventeen years. Because of his father's disability the decedent was at the time of his death the sole support of that family and contributed to their support $16 from his average weekly wage of $18. Upon his death a claim for compensation under the Workmen's Compensation Act (Code Pub. Gen. Laws 1924, art. 101, sec. 1 *et seq.,* as amended) was filed with the State Industrial Accident Commission on behalf of his parents and infant brother and sisters. That commission found that the parents and the infant brother and sisters were wholly dependent upon the decedent for support and awarded to "Howard W. Jones, Sr., and Lillian Jones, father and mother of Howard W. Jones, Jr., deceased, compensation in the sum of $12.00 per week, payable weekly for the period of four hundred and sixteen weeks for the use and benefit of themselves and for the use and benefit of Audrey Jones and Mildred Jones and Melvin Jones, sisters and brother of the said deceased; Howard W. Jones, Jr." The award was paid by the insurer, the Employers Liability Assurance Corpora-

tion, and on August 23rd, 1935, that corporation commenced this action, for its own use and to the use of the parents, brother, and sisters of the decedent, against the railroad company under Code, art. 101, sec. 58, (1) to reimburse itself, and (2) to compensate the other plaintiffs for the pecuniary loss which they had sustained in consequence of the death of Howard W. Jones, Jr. The trial resulted in a judgment in favor of the plaintiff for $352, and from that judgment the plaintiff appealed.

The sole question presented by the appeal is whether, in estimating the damages which the plaintiff was entitled to recover for pecuniary loss sustained as a result of the death of Howard W. Jones, Jr., consideration could be given to the hypothesis that he would have continued to contribute to the support of his parents, brother, and sisters, after he had attained his twenty-first year. The trial court, by granting the defendant's "First Prayer," answered that question in the negative, and limited the damages which "the court sitting as a jury might award to such damages as the Court sitting as a jury may believe, from all the evidence in this case, will be an adequate compensation for the loss of the services of the said Howard Jones, Jr., for the period from the time of his death to the time when, if he had lived, he would have attained the age of twenty-one years." It also overruled the plaintiff's special exception, which presented the converse theory that "In suits to recover compensation paid under the provisions of the Workmen's Compensation Act of Maryland, the Employer and or its Insurance Carrier is not restricted by the ordinary rule limiting recovery in cases of injuries to minors resulting in death to the pecuniary value of the loss of services of such minors to the attainment of legal majority but depends on the question of dependency existing at the time of the accident that causes the death." Those rulings are the subject of the only exception submitted by the record.

In terms the right, created by article 67, to enforce the liability defined in section 1, as amended by Acts 1929,

ch. 570, sec. 3, by an action for damages, is limited by section 2 to (1) parents for the death of a child, (2) children for the death of a parent, and (3) a husband or wife, as the case may be, for the death of the other spouse. In a case brought under it by a member of any one of those classes, the damages which any equitable plaintiff suffered as a result of the death of one who stood to the plaintiff in one of the relations defined by the statute were measured by the pecuniary loss which the plaintiff sustained, and involved two factors, one, the relation in which the plaintiff stood to the decedent, and two, the pecuniary benefit which the plaintiff would probably have received from the decedent had he continued to live. A constant and invariable factor of the remedy was relationship within one of the prescribed degrees, a variable factor was the extent of the contributions which the decedent might reasonably have been expected to make to the plaintiff, which would depend upon such facts as the probable duration of the joint lives of the plaintiff and the decedent, and whether the contributions would probably continue throughout that period, or, if not, then through what part of it they would continue. The fact of dependency was incidental and collateral, which, while it might reflect upon the probable duration and extent of the anticipated pecuniary benefit which the plaintiff might have received, could never, in itself, constitute a basis for recovery. *Baltimore & O. R. Co. v. State, use of Chambers,* 81 Md. 371, 389, 32 A. 201; 17 C. J. 1212.

In determining whether the plaintiff has suffered a pecuniary loss as a consequence of his decedent's death, the duties and obligations incident to the relationship between the plaintiff and the decedent, as well as words and conduct of the decedent manifesting an intention and purpose on his part to make future contributions of money, other things of value, or service, to the plaintiff, may be relevant and material facts. And in the cases in which the courts have formulated rules for measuring the pecuniary loss which a plaintiff may recover

under the literal terms of the statute, Code, art. 67, secs. 2-4 and section 1, as amended by Acts 1929, ch. 570, sec. 3, they have limited the damages to the loss of benefits which the decedent was under a duty to render to the plaintiff because of the relation between them, to the loss of service which the plaintiff was entitled to demand and receive of the decedent, or, in the absence of any legal duty resting upon the decedent to give service or support to the plaintiff, to the loss of benefits which the plaintiff, because of the decedent's past conduct, might reasonably have expected to receive from him had he lived. So in *State, use of Coughlan, v. Balto. & O. R. Co.*, 24 Md. 84, a mother was allowed to recover for the pecuniary loss which she suffered as the result of the death of her minor son, but only for the value of his services until he attained his majority, for, while his father being dead, she was entitled to his services during his minority, she was not entitled to them beyond that period; in *Agricultural & Mechanical Assn. v. State, use of Carty,* 71 Md. 86, 18 A. 37, it was held that the mere fact that a minor son, who had been emancipated, had since his emancipation given part of his wages to his father and had promised to help fix up the property after he became of age, did not entitle the father to compensation for the loss of his services after he reached his majority, because after that period he was not entitled to demand, nor the son bound to render, service to him. Because a husband is under a duty to support his wife, she is entitled in the event of his death by some wrongful act to recover from the wrongdoer compensation for the loss of his support for the probable duration of their joint lives. (*Baltimore & Reisterstown Turnpike Road v. State,* 71 Md. 573, 584, 18 A. 884), and minor children are entitled in a like case to recover compensation for the loss of support and education which they may reasonably have expected to receive from their father, but only for the period of their minority, *Ibid; Balto. & O. R. Co. v. State, use of Trainor,* 33 Md. 542, 544, 554. On the other hand where a mother lived with

her married daughter and rendered valuable services to her, under circumstances which justified a reasonable belief that she would continue those services, it was held in an action for damages for her death that the daughter was entitled to recover for the loss of the mother's services, *Balto. & O. R. Co. v. State, use of Mahone*, 63 Md. 135, 146; and in *Pikesville etc. R. Co. v. Russell*, 88 Md. 563, 573, 42 A. 214, a father was allowed to recover for the loss of benefits caused by the death of his adult son from whom ,he had, since the son attained his majority, received pecuniary benefits which would probably have continued had the son lived. These cases are all applications under varying conditions of the principle stated in *Balto. & O. R. Co. v. Mahone, supra,* that "the claim for damages must be founded on pecuniary loss, actual or expected, suffered by the persons described in the statute," and, so long as the statute applied only to the classes specifically named in it, there was little difficulty in applying that principle to the varying facts in cases brought under it.

The Workmen's Compensation statute, chapter 800 of the Acts of 1914, as construed in *Storrs v. Mech,* 166 Md. 124, 170 A. 743, added to the classes of persons enumerated in Code, art 67, sec. 2, entitled to enforce the liability created by section 1 of that statute, certain dependents of a deceased person, to whom compensation was payable under the provisions of Code, art. 101, which is a codification of chapter 800 of the Acts of 1914 and its amendments. Section 57 of the Act of 1914, now section 58, article 101, Code, provided that "Where injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee or in case of death, his personal representatives or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation." The right thus conferred upon the injured employee, or, in the event of his death, upon his

representative or dependents, was in the alternative, that is, the claimant could proceed either against the employer or the third person, but not against both. *Hagerstown v. Schreiner*, 135 Md. 650, 651, 109 A. 464. That part of the statute was later amended so that, as it stands now, the right of the injured employee or his dependents to enforce the liability of the third person whose tort caused the injury is not affected by the fact that compensation has been claimed and awarded. Code, art 101, sec. 58. The language of that part of the statute which deals with the right of the employee, his representative, or dependents, to proceed at law against the tort-feasor appears unchanged in the present statute (Code, art. 101, sec. 58), but the definition of "dependents" has been changed and under the statute in its present form:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee: A wife or invalid husband ('invalid' meaning one physically or mentally incapacitated from earning), a child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) living with or dependent upon the parent at the time of the injury or death.

"In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee, but no person shall be considered as dependent unless such person be a father, mother, grandfather, grandmother, stepchild or grandchild, or brother or sister of the deceased employee, including those otherwise specified in this section." Section 36, as amended by Acts 1931, ch. 363.

By section 65 (10) of the same article the terms "child" or "children" include "posthumous children and adopted children, whether members of the deceased employee's household at the time of his accident or death or not, and shall also include step-children, illegitimate children and other children, if such step-children, illegi-

mate children and other children were members of the household of the decedent at the time of the accident or death and had received contributions toward their support from such deceased employee during any part of the six months immediately preceding the accident or death."

The effect of that statute, as construed in *Storrs v. Mech, supra,* and *Clough & Molloy v. Shilling,* 149 Md. 189, 131 A. 343, was to add to the classes of persons entitled to enforce the liability defined in article 67, section 1, Code, an additional class, composed of the dependents within the described degree of relationship of a deceased employee, whose death had occurred under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, in cases where compensation for the death was payable under Code, art. 101. The right of members of that class to bring an action at law against the other person to recover damages depended, first, upon the fact that compensation was payable under article 101, and, second, upon the fact of dependency. There is therefore this difference between the rights of members of the class entitled by article 101, section 58, Code, to enforce the liability created by article 67, section 1, Code, as amended, and the rights of members of the classes defined by section 2 of article 67. The right of members of the class defined in article 101 to enforce the liability is determined, first, by the existence or non-existence of the fact that the injuries which caused the death of the employee were compensable under article 101, second, by the dependence of the plaintiff upon the deceased employee, third, by the relationship of the plaintiff to the decedent, and fourth, by the fact that the plaintiff suffered as a result of the death a pecuniary loss within the meaning of article 67, Code. Whereas the right of members of the classes defined in article 67, section 2, to recover damages, depended first upon the relationship of the plaintiff to the decedent, and second upon whether the plaintiff had suffered a pecuniary loss as a result of

the death, and the amount of damages recoverable depended solely upon the extent of the pecuniary loss.

In any action brought by a member of the class defined in the compensation statute, a question of primary and vital importance is whether the plaintiff was a dependent of the deceased employee. The solution of that question is aided by certain presumptions and limitations which the statute itself prescribes, as that total dependency shall be presumed from certain relationships, and on the other hand that no one may be considered to be dependent unless he stood to the deceased employee in one of the relationships enumerated by the statute as the boundaries of the class which may enforce the right created by article 67. Except for the conclusions required by those presumptions, the question of dependency is one of fact. In actions brought under article 101 to enforce the liability created by article 67, section 1, as amended, if the plaintiff was in fact dependent upon the deceased employee, and is a member of the class authorized by article 101 to bring the action, he can recover damages for the loss of support resulting from the death; if he was not a dependent and not a member of one of the classes defined in article 67, section 2, he can recover nothing regardless of any pecuniary loss he may have suffered as a result of the death.

Returning to the facts, and bearing these principles in mind, the primary inquiry is whether the evidence in the case was legally sufficient to show that the brother and sisters of the decedent were dependent upon him for support. The stipulated facts are that the decedent "left surviving him his father and mother, Howard W. Jones, Sr., and Lillian Jones, and his sisters and brother, Audrey Jones, Mildred Jones, and Melvin Jones, all of whom were found to be wholly and totally dependent upon the said deceased, Howard W. Jones, Jr." It was also stipulated that the father of the decedent was at the time of the death of the decedent unemployed, and had been without permanent employment for seventeen years, that he had been sick with "heart and stomach trouble," and

from Christmas 1934, to April 29th, 1935, had earned only two dollars. Apart from the finding of the State Industrial Accident Commission that the brother and sisters were dependent upon the deceased for support, no evidence is found in the record of such dependency. So, unless the award of the commission is accepted as proof of the fact, there is no evidence of it. But the trial court, in granting defendant's first prayer, and the defendant, in submitting that prayer, assumed that the finding of the commission was sufficient evidence of dependency, because that prayer permitted the jury to consider the "pecuniary damages" sustained by the brother and sisters. The only pecuniary damage they could have sustained was the loss of support which they had received because of their dependent condition. It may therefore be assumed that they were dependent upon the decedent. Obviously the appellee could not be bound by a finding in a proceeding to which it was not privy and not a party (*Black on Judgments,* sec. 260), unless by its consent. *Maryland Casualty Co. v. Electric Mfg. Co.,* 145 Md. 644, 650, 125 A. 762, where the finding was as to a fact material to the plaintiff's right of action. But for the reasons stated that consent may be inferred.

The question then is, assuming that the brother and sisters were dependents, what damages were they entitled to recover. For the reasons stated in the case last cited, the amount of the award was not the measure of damages, but the recoverable damages were limited to the amount which the decedent would probably, had he lived, have contributed to the support of these plaintiffs. In dealing with that question the first fact to be found is the duration of the period over which the contributions would have been made, had the decedent lived.

In the view of the majority of the court, that period cannot extend beyond the time when the decedent would have attained his majority, (1) because until that time he would have been subject to parental control, and it cannot be assumed that when freed of that control he would have contributed to the support of the plaintiffs as

he did when subject to it, and (2) because Howard W. Jones, the father, notwithstanding his disability, was under a legal duty to support his wife and minor children, that he was entitled to the earnings of Howard W. Jones, Jr., during his minority, so that whether the contributions of the decedent to the support of the family were made directly to the father, or to the other dependents, they must be assumed in law to have been made to or for the use of the father to disburse as he would. The effect of that conclusion is that, while the right of a member of the class defined in Article 67, section 2, to enforce the liability created by section 1, as amended, of that statute rests upon pecuniary loss, and the right of members of the class defined in article 101 to enforce that liability rests upon dependency, the damages recoverable are measured by the same rule in either case, pecuniary loss. That conclusion seems to be not only consistent with, but required by, the decisions in *Maryland Casualty Co. v. Electric Mfg. Co.*, 145 Md. 644, 650, 125 A. 762, *Clough & Molloy v. Shilling, supra,* and *Storrs v. Mech, supra.* Cases announcing the measure of damages recoverable in actions brought to enforce the liability created by article 67, section 1, by members of the class defined in article 67, section 2, are therefore also applicable to actions brought by members of the class defined in Article 101, to enforce the same liability. The damages recoverable in such an action as this have therefore no necessary relation to the compensation payable to dependents under article 101, Code, which are based upon the loss of support, but are confined to pecuniary loss as that term is defined in cases dealing with actions brought by members of the class defined in Code, art. 67, sec. 2, to enforce the liability created by section 1 of that article, as amended. And since it must be presumed that the contributions were made by the decedent, a minor, to the father, it cannot be assumed that they would have been continued beyond the decedent's minority. *Agricultural & Mech. Assn. v.*

252

*State, use of Carty,* 71 Md. 86, 18 A. 37; *State v. Cohen,* 166 Md. 684, 172 A. 274, and cases there cited.

It follows that the defendant's first prayer was properly granted, and the exceptions thereto properly overruled.

The judgment from which the appeal was taken must therefore be affirmed.

*Judgment affirmed, with costs.*