### KILGORE *v.* COLLINS, ETC.

[No. 94, September Term, 1963.]

148

*Decided December 11, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Phillips L. Goldsborough, III* and *Hal C. B. Clagett,* with whom were *Sasscer, Clagett & Powers* and *Clater W. Smith, Jr.* and *Smith, Somerville & Case* on the brief, for appellant.

*Donald J. Caulfield,* with whom was *Bond L. Holford* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

The appellant, a tort-feasor, against whom an injured workman and the compensation insurance carrier of his employer recovered a judgment, seeks reversal on the claims that the trial court erred prejudicially (a) in allowing proof of the fact and amount of compensation payments to the injured employee (and the amount of medical expenses paid by the insurer), and (b) in instructing the jury that the insurer was entitled to recover from the verdict the amount it had paid.

The workman was a truck driver who injured his wrist when he jackknifed his employer's truck in an effort to avoid a collision with an automobile operated by the defendant below, the appellant here. The Compensation Commission awarded temporary total and permanent partial disability benefits, which were paid by the insurer, as were medical expenses, in the amount of $4,363.00 in all.

The injured workman sued the automobile driver for damages for loss of wages, pain and suffering, and permanent injuries. The driver moved to dismiss because Code (1957), Art. 101, Sec. 58, provides that for a period of two months from the award by the Compensation Commission the employer or insurer has the prior and exclusive right to bring suit against a third party, and the two months had not expired. Leave of court was given to amend the declaration to include

the insurer as a claimant to the extent of the amounts it had paid, and the amendment was made.

When the case came on for trial, the court was advised preliminarily that inasmuch as the insurer had been made a party, it proposed to prove that the award had been made and complied with, and the amount of the compensation and medical payments under the award, to justify its right to recover the monies it had paid out, under Code (1957), Art. 101, Sec. 58. The automobile driver objected both to the fact of the award and the amounts paid under it being made known to the jury, claiming that the court could apportion any verdict rendered to protect the insurer's rights. After discussion with the court, it was agreed that in his opening statement counsel for the workman (who represented the insurer also) would tell the jury that the insurer had paid out certain monies (without giving the amounts) as compensation to the workman and would claim the right, under the compensation law, to recover them from a verdict for the workman.

This was done. Thereupon, on cross-examination of the plaintiff-workman, counsel for the defendant-driver brought out that after a claim had been filed with the Compensation Commission the workman had received weekly benefits for a year. Then, on redirect examination, the workman's counsel proved the amount that had been paid each week. The automobile driver's counsel also cross-examined other witnesses as to the details of the receipt of compensation, particularly the doctor who treated the workman. Counsel for the claimant then produced a representative of the insurer who testified as to the amounts paid as compensation and for medical treatments and expenses.

The court instructed the jury that the only reason the insurer was in the case was because under the law an injured employee is entitled regardless of fault to workmen's compensation which had been paid by the insurer. He told the jury that for the purpose of its consideration of the case the workman was the sole plaintiff and that "the amount of the award of the Workmen's Compensation Commission has no bearing on this case at all except in one particular, and that is, in the event, under the law and the evidence, that you would find in

favor of the plaintiff and award the plaintiff damages against the defendant, then the insurance company * * * who have had to pay out workmen's compensation * * * would be entitled to recover from your verdict up to the amount of what they had to pay under the order of the Workmen's Compensation Commission." Next, the jury was told that if they found the workman was not entitled to recover the insurer could not recover, and that they were not bound by the award of the Commission "because you are trying this case on the evidence that you have heard in this case, not what the Workmen's Compensation Commission would award * * *. So you can just forget about the insurance company in this particular case as a party plaintiff, because the sole issues in this case lie between the Plaintiff, George F. Collins and the Defendant, Robert O. Kilgore."

Standard instructions on primary and contributory negligence followed at length, in light of the law applicable to the environment and circumstances of the accident.

Before coming to the standard instructions on damages, Judge Anderson repeated what he had previously told the jury "the amount of any award made by the Workmen's Compensation Commission is not the measure of damages in a suit against a wrongdoer, should you find that Mr. Kilgore was a wrongdoer. * * * So far as the insurance company is concerned, they are entitled to recover out of any verdict that you may award, should you award a verdict in this case, but that is not a matter that you have to determine because you are going to bring in one verdict * * * that is, you are either going to find in favor of the plaintiff and assess the damages or in favor of the defendant."

Appellant finds prejudice to him in the admission of evidence as to payment of compensation and medical expenses, not cured he feels, by the court's instructions, because, as he sees it, the effect was to influence the jury and bind him by the findings of the Compensation Commission that temporary total disability existed for a stated period and that permanent partial disability resulted, and that a stated amount of medical expense was properly chargeable to the accident. He claims that the admission of the evidence "improperly relieved the plaintiff of

the obligation to prove his damages in the same manner as if there had been no claim for workmen's compensation, and injected into the case two additional elements of damage (the amounts paid for temporary total and permanent partial disability) which were not properly a part thereof, with the inevitable result that the verdict was therefore increased by at least that amount." The prejudice claimed from the court's charge that the insurer would be entitled to recover from any verdict the amount it had paid out is that the award of the Commission is not the measure of damages and the effect of the instruction was to set the starting point of the jury's deliberation as to the amount to be allowed at $4,363.00, since it knew the workman could keep for himself only the amount of the verdict above that figure.

The workman claims that he would have been prejudiced if the jury had known only that the insurer had paid him certain compensation benefits, without also knowing the amount and that the insurer was entitled to recover them, because there would surely be created in the jurors' minds the impression that their verdict would to some unknown extent represent an unfair double recovery. He says also that the defendant automobile driver cannot justly complain because it was he who first brought to the jury on cross-examination of the workman the fact that the latter had received weekly compensation payments for a year. The workman finds it improbable that the defendant's counsel would have brought evidence of compensation into the case if he did not think it would help, not hurt, his client:[1]

1. In Edwards v. Steinns (C. A. 4), 207 F. 2d 734, the Court rejected, on the ground that the charge cured any possible error, the argument of the plaintiff, an injured longshoreman, that the inquiry of the jury as to whether the claimant had received a compensation insurance award showed the jury was taking into consideration, to his prejudice, what he had received. The Court observed (p. 736):

"The plaintiff himself offered the evidence that opened the door for the testimony that occasioned the confusion. * * * When the confusion developed and counsel on both sides of the case were fearful of improper inferences which might be drawn by the jury from the questioned testimony, the Court

Both the appellant and the appellee can muster cases which support or tend to support their contentions. Before attempting to decide what the governing law of the case is, we note that the appellant has not shown that either the challenged evidence or the instructions complained of in fact caused prejudice, nor has he pointed out facts from which an inference that they or either of them did fairly can be drawn. Contrary to appellant's argument, the workman offered evidence, including that of the doctor who treated him, from which the jury reasonably could have found that: the automobile driver was negligent, and the claimant was not; the claimant, because of his injuries, could earn only negligible amounts from December 1960 until May 1962; there had been hospital and doctor's bills of over $700.00; there was substantial pain and suffering and permanent injuries to his wrist. In light of the monetary losses and extent of injury and disability which the jury could fairly have found was the responsibility of the defendant, the verdict of $11,000 can hardly be said to be excessive. Before the injury the workman earned between $125.00 and $145.00 a week. The testimony would support a finding that for sixteen months the workman was deprived of almost all that weekly income, or a

remarked that in view of the situation which had developed, the jury ought to be told just what the situation was with respect to the insurance and payments; in other words, just what the facts were. The judge said 'Why would not this answer the purposes, to say to the jury that the plaintiff was employed by this stevedoring company and the law requires his employer to pay any medical or hospital expenses which he might sustain by reason of his employment; that such payments have been made, and if the jury reaches the conclusion that they should find for the plaintiff, the amount of such payments should be included in their verdict but that the company would be entitled to receive that back from the plaintiff? Now, would that answer the purpose?' This was sound counsel.

"Trial Court and Appellate Court experience indicates that it is best to be completely frank with the jury and let it have all the facts, together with a clear statement of the law applicable to such facts. Industrial insurance is familiar to most jurors today. The likelihood of prejudice or bias from full information is not so great as the likelihood of wrong inferences from partial information."

total of, in rough, round figures, $8,000 to $9,500. If the jury so found, only $3,000 to $1,500 would be left of the $11,000 verdict to represent recompense for pain and suffering and permanent disability, disregarding, for the purposes of the assumption, the $700.00 of medical expenses.

In considering the prejudice claimed from the charge to the jury, it should be .remembered that the parties agreed that counsel for the insurer should tell the jury in his opening statement that the insurer had made compensation payments to the workman and was entitled under the law to recover them from a verdict for the workman. The defendant would seem to have no sound right to object to the court's repeating in his charge to the jury what the defendant had agreed the jury should hear in opening statement.

Where only the injured employee is a plaintiff in a tort action against a third party there are cases holding that to let the jury know that there was workmen's compensation coverage is prejudicial to the plaintiff-employee; there are cases holding that it is prejudicial to the defendant, and there are cases holding that possible prejudice to either plaintiff or defendant has been cured by the court's instructions to the jury. 101 C. J. S. *Workmen's Compensation* Sec. 1029. See also annotation, 77 A. L. R. 2d 1154, "Prejudicial effect of bringing to jury's attention fact that plaintiff in personal injury or death action is entitled to workmen's compensation benefits" (which includes cases where the alleged error was induced or concurred in by the complaining party).

In the situation· before us, that is, where the employer or insurer is a party plaintiff or the suit is to his use, the complaint of prejudice has usually been made by the third party defendant. The courts have divided in. meeting the problem. Cases which support .the appellant's claim of error include *Cawley v. People's Gas and Electric Co.* (Iowa), 187 N. W. 591 (in which the Court said that possible prejudice ordinarily can be cured by proper jury instructions, but found as a fact from the size of the verdict that it had not been in that instance, and· ordered a remittitur.); *Mickel v. New England Coal and Coke Co.* (Conn.), 47 A. 2d 187; *McCoy v. Carter* (Ky.), 323 S. W. 2d 210; *Lebak v. Nelson* (Idaho), 107 P.

2d 1054 (prejudice found as a fact from size of verdict) ; *Blue Ridge Rural Electric Cooperative v. Byrd* (C. A. 4), 264 F. 2d 689 (applying South Carolina law).

Cases in which no prejudicial error has been found in acquainting the jury with the fact of a compensation award or the payment of compensation, or both, include *Foster and Creighton Co. v. St. Paul Mercury Indem. Co.* (Ala.), 88 So. 2d 825 (The insurer brought suit on its behalf and on behalf of the employee's widow and sons. The jury was told by the plaintiff that it, the insurer, would recover what it had paid out and any excess would be for the benefit of the dependents, and the widow testified as to the receipt of compensation benefits. The Court affirmed a judgment for the plaintiffs, saying it was proper and necessary for the insurer to show its interest in the litigation and the amount to which it was entitled.) ; *Wabash Water and Light Co. v. Home Telephone Co.* (Ind. App.), 138 N. E. 692 (the admission on behalf of the employer of the award of the compensation board to show the fact and amount of the award held proper). See also to the same general effect: *United States Casualty Co. v. Superior Hardware Co.* (Wis.), 184 N. W. 694; *Western Indemnity Co. v. Wasco Land and Stock Co.* (Cal. App.), 197 P. 390; *Fitzgerald v. Quinn* (Cal. App.), 21 P. 2d 656; *Travelers Ins. Co. v. Stieglitz,* 30 N. Y. S. 2d 306.

The cases in this Court tend to support the appellee. Code (1957), Art. 101, Sec. 58, and *State v. New York P. & N. R. Co.,* 141 Md. 305, show that the insurer was a proper party. In *Steel Co. v. Concrete Pile Co.,* 141 Md. 67, suit was by the employer for the use of the insurer, and the widow and children of the deceased employee, against the third party alleged to have been negligent. From a judgment on a verdict of $30,000 for the widow and children, apportioned between them as in a Lord Campbell's Act case, with no apportionment in favor of the employer's insurer for the amount of compensation it had paid, the tort-feasor appealed. Although the opinion does not so show, the record reveals that there was received into evidence the award of the Compensation Commission and testimony of the representatives of the insurer as to the amounts paid by the insurer pursuant to the award. The judgment was

reversed because the granted prayers contained no reference to the right of the employer to bring suit or its right to recover from the verdict the amount of the compensation benefits it had paid. The Court said that the entry of the judgment for the defendants for the whole amount prejudiced the defendants because the insurer was entitled to a judgment for what it had paid and the dependents to a judgment for the excess only.

In *Clough and Molloy v. Shilling,* 149 Md. 189, a suit by the dependents of an employee killed on the job, to the use of the insurer of the employer, against a third party, the Compensation Commission had made an award of compensation in the sum of $5,000 and of funeral expenses of $125.00. The opinion does not reveal, but the record does, that a certified copy of the award was received in evidence, as was proof of payment of the award by the insurer. A granted prayer told the jury that if they found for the plaintiffs they should allot to the insurer the amount of the award and apportion the excess between the widow and children. The jury apportioned a $15,000 verdict by giving the insurer $5,125, the widow $5,000, and dividing the balance among the children in varying amounts. The objection on appeal was to the right of the dependents to bring the action in the form they did and to the apportionment. The Court referred to the reversal in *Steel Co. v. Concrete Pile Co., supra* (p. 198-199 of 149 Md.), as follows:

> "It will be seen that this Court did not condemn the form of the verdict because it was an apportioned verdict, but because in the apportionment the whole amount of the verdict was apportioned to the dependents of the deceased, without regard to the insurer against whom compensation had been awarded; and it was held that a verdict making such an apportionment was invalid for the reason that the dependents, under the provisions of the statute as it then stood, in no event were entitled to more than the balance remaining after the insurer was reimbursed for the amounts paid by it under the award, and costs and expenses."

and then said:

"In the present case the apportioned verdict is not open to the objection presented in that case, for the reason that under the granted instructions contained in the plaintiff's second prayer the jury were directed that if they found for the plaintiffs they should allot to the equitable plaintiff the amount of the award against it by the State Industrial Accident Commission, and that the excess, if any, should be apportioned between the widow and infant children, the dependents of the deceased. * * * We see no objection to the enforcement of an existing legal liability by the parties designated in article 101, section 58, in the manner done in this case, nor in applying by analogy the forms of practice provided for in article 67 (Lord Campbell's Act), when these forms are useful and applicable in giving effect to the clear purpose and intention of the Workmen's Compensation Law."

The injured workman sued alone in *Stark v. Gripp,* 150 Md. 655, and recovered a judgment against the tort-feasor who contended on appeal that the employer or insurer should have been a party and the amount due each of them apportioned in the verdict and judgment. Chief Judge Bond said for the Court (p. 659):

"It may not be improper, in a suit under section 58, to entitle the case as contended for, and to have the jury make an apportionment of the amount in their verdict, but it is not necessary that it should be done."

In *Assurance Corp. v. Baltimore and O. R. Co.,* 173 Md. 238, the insurer brought suit to recover compensation it had paid, and for the use of the dependents of the deceased workman. The record reveals that the fact of the award and the amounts paid were stipulated and were before the jury. The judgment for the plaintiff was affirmed.

One of the questions disposed of in *Frazier v. Waterman S. S. Corp.,* 206 Md. 434, 454, was the argument of the plaintiff that it was error to have allowed defendant's counsel to argue to the jury that if they found for the defendant that would not prevent the plaintiff, the injured longshoreman, from obtain-

ing compensation under the Longshoremen and Harbor Workers' Compensation Act from the insurer of the employer. The plaintiff had told the jury in the opening statement that the employee would have to pay back to the insurer from a verdict in his favor the amounts of compensation he had received and had produced a representative of the insurer who had testified to the amount of medical expenses and compensation benefits the insurer had paid the employee. Chief Judge Brune for the Court said:

> "The plaintiff's counsel injected the matter of workmen's compensation into the case at the outset. It was within the discretion of the trial court to permit counsel for the defendant to make a short and accurate statement to the jury on the subject."

See also *Grzybowski v. Arrow Barge Co.* (D. C. Md., Thomsen, J.), 177 F. S. 568, in which the plaintiff's request for a new trial on the theory that the defendants erroneously had been permitted to his prejudice to develop at length before the jury the Longshoremen's and Harbor Workers' Act, was refused in view of fact that the the plaintiff-longshoreman had offered in evidence the amount of compensation carrier's payments of medical expenses, and the Court had made a statement to the jury "explaining the compensation law and its limited relation to this case." (p. 572)

In the case before us, counsel for defendant brought to the jury's attention in his cross-examination of the plaintiff that the latter had received workmen's compensation benefits. The defendant, if his negligence caused the workman's injuries, was liable to pay full damages, without diminution for collateral payments or benefits paid or contributed by others (who are not joint tort-feasors with defendant), *Plank v. Summers,* 203 Md. 552, and if the jury was not to be misled into thinking that its verdict would be in addition to what had already been received by the workman, it was necessary that it be told that the insurer would be reimbursed from the verdict, if large enough.[2]

---

2. The California Appellate Court in Sherrillo v. Stone & Webster Engineering Corp., 244 P. 2d 70, 73, said:

"The average reasonably well-informed person who may be

Here the jury was told, as was proper, the fact of the award and of receipt of the benefits it called for and that the insurer could recoup the payments from a verdict for the workman, if large enough. In addition, they were told the amount of the payments. Although it may have been unnecessary for the jury to know the amounts, we do not think it has been shown that the fact they did prejudiced the defendant. Judge Anderson's charge that the jury must decide the case on liability and on damages, including its own appraisal of the physical injuries and their consequences, as if it were an ordinary negligence case between the plaintiff and the defendant without regard to the fact of the award or its amount (except that if the verdict was for the plaintiff the insurer was to be repaid), was clear, detailed, specific and emphatic and correctly stated the governing law. *Baltimore Transit Co. v. State,* 183 Md. 674. The defendant has fallen short of showing that the knowledge of the amounts paid as compensation was an improper factor in bringing about the size of the verdict, which on its face was a reasonable reflection of the monetary losses and compensation for the physical effects suffered by the workman, if the jury believed the testimony he produced, as they were entitled to do, and apparently did.

*Judgment affirmed, with costs.*

---

called to serve upon a jury knows that a workman injured in his employment receives compensation. It is a delusion to think that this aspect of the case can be kept from the minds of the jurors simply by not alluding to it in the course of the trial. It is better that the jurors be fully instructed as to the law— that the plaintiff should be fully compensated according to the rules for ascertaining his damages without regard to compensation he may have received, since the insurance carrier who paid his compensation will be reimbursed out of his judgment—than that the jurors, knowing that the plaintiff had received some compensation, but not knowing or being uncertain as to the law applicable, should be left to speculate in the jury room as to the effect of their verdict."