## THOMAS E. NEWCOMB ET AL. v. MARK EDWARD OWENS ET AL.

[No. 1237, September Term, 1982.]

*Decided May 6, 1983.*

The cause was argued before MOYLAN, LOWE and LISS, JJ.

*Frank L. Lipshultz,* with whom were *Lipshultz & Hone* on the brief, for appellant Newcomb. *Wade J. Gallagher,* with whom were *Galiher, Clarke, Martell & Donnelly* on the brief, for appellant Hartford Accident & Indemnity Company.

*John H. Bolgiano,* with whom were *Jeffrey H. Myers* and *Smith, Somerville & Case* on the brief, for appellees.

Liss, J., delivered the opinion of the Court.

Thomas E. Newcomb, one of the appellants herein, filed an action in the Circuit Court for Anne Arundel County against Mark E. Owens individually and John E. Owens III Contractors, Inc., the appellees herein. The suit alleged personal injuries and medical expenses resulting from a collision involving a vehicle owned by appellee John E. Owens III Contractors, Inc. and operated by its employee, John E. Owens which struck the vehicle owned and operated by appellant Newcomb. The other appellant, Hartford Accident and Indemnity Company, intervened in the suit pursuant to the Longshoremen & Harbor Worker's Compensation Act, United States Code, Title 33, § 933 (as adopted by the District of Columbia pursuant to the District of Columbia Code (1973) Title 36, § 501) to recover the amount of workmen's compensation benefits paid to Newcomb.

Trial commenced on May 10, 1982, before a jury. Appellees filed a *motion in limine* requesting the trial court to instruct the appellants not to reveal the amounts of money awarded to Newcomb in connection with his workmen's compensation claims.[1] The trial court granted the motion and at a bench conference directed that Hartford was not to be mentioned at all. Evidence was then presented and at the close of all the testimony the trial judge granted appellants' motion for a directed verdict as to liability. The case was then submitted to the jury on the issue of damages and the jury returned a verdict in favor of the appellants in the

---

1. The issue is preserved by virtue of a timely objection at trial.

amount of $5000. It is from this judgment that the appellants have appealed. The issues raised for determination by this appeal are as follows:

> I. Whether the trial court erred in excluding from evidence the facts surrounding the payment of workmen's compensation benefits to appellant Newcomb?

> II. Whether the trial court properly instructed the jury as to the reasons why Hartford was a party in the case?

> III. Whether the trial court properly admitted into evidence the records of Anne Arundel General Hospital concerning appellant Newcomb?

> IV. Whether the trial court erred when it refused to instruct the jury that a party calling a witness vouches for the witness' credibility and is bound by his testimony?

## I. and II.

We shall consider the first two issues together. At trial below, the appellants contended that the trial court should have allowed into evidence the amount paid by the workmen's compensation insurer to appellant Newcomb. On appeal, appellants complain that the court should not have explained to the jury the reasons for the insurer being a party to the case because no other evidence had been admitted concerning the payment of workmen's compensation benefits. It should be noted that when the case was called for trial it was announced as follows:

> Calling for trial the case, Law No. D-4578, Thomas Newcomb, Connie Newcomb, to their own use — to the use, I assume, of Hartford Accident and Indemnity vs. Mark Edward Owens and J.E. Owens.

The court directed counsel not to mention Hartford's presence in the case during the course of trial as a result of its action granting the appellees' *motion in limine*. At the conclusion of the case the trial court apparently decided that

it was necessary that the jury be advised as to the significance of Hartford being named as a party plaintiff in the case. The court thereupon gave the jury the following instruction:

> And the third party you've really heard little, if anything, about but is in the title of the case is the Hartford Accident and Indemnity Company, an insurance company who compensated the plaintiff under workmen's compensation law as an injured employee, entitled to workmen's compensation regardless of fault. So for your purposes today the plaintiff, Thomas Newcomb, should only be considered as to what, if any, damages he has sustained and/or will sustain and what amount should be recovered from the defendants, Mark Owens and J.E. Owens, his employer.
>
> The fact that Hartford Accident and Indemnity paid out money to the plaintiff as an injured workman and that Hartford would in effect have a lien on any amount recovered by the plaintiff in this case should not at all be considered by you. You're trying this case on evidence that you have heard in this case for the past two days and not on evidence heard or considered elsewhere. You can forget about the insurance company in this particular case. . . .

The appellants argue that there are two methods of handling negligence cases in which the workmen's compensation carrier is a co-plaintiff which do not necessarily result in prejudicial error. The practice accepted in a number of jurisdictions is to direct that the fact of payment of workmen's compensation benefits not be divulged to the jury and that the jury not be advised of the amount of any such payments. *See* 77 A.L.R.2d 1154, *et seq.* The rule for awarding damages in those jurisdictions is to ignore the method and amount of benefits awarded in the workmen's compensation proceeding and decide the case as if the insurer was not a party to the proceedings. This is the

approach initially adopted by the trial court in the case *sub judice* when it granted the *motion in limine* filed by the appellees.

It is obvious from the record extract furnished in this case that at the conclusion of the evidence the trial judge decided that it was necessary that some explanation be given to the jury as to the presence of Hartford as a co-plaintiff in the case. It was at that point that the trial judge gave the jury the instructions, over objection, which we have heretofore recited. Appellants contend that the verdict which they find totally inadequate, was prejudicially induced by the court's sudden shift of approach to the problem of advising the jury of the insurer's interest in the proceedings. They argue that the instruction as given in the light of the original granting of the *motion in limine* was ambiguous, misleading and confusing.

All parties agree that *Kilgore v. Collins,* 233 Md. 147, 195 A.2d 703 (1963), states the applicable law of this jurisdiction. In *Kilgore,* a tort-feasor against whom an injured workman and his employer's carrier recovered a judgment sought reversal on the grounds that the trial court erred prejudicially in allowing proof of the fact and amount of compensation payments and medical expenses to the injured employee.

Judge Hammond, speaking for the Court of Appeals, made a thorough analysis of the two divergent theories concerning the furnishing of information of workmen's compensation benefits to the jury and the possible prejudice which might result therefrom. The Court held:

> Here the jury was told, as was proper, the fact of the award and of receipt of the benefits it called for and that the insurer could recoup the payments from a verdict for the workman, if large enough. In addition, they were told the amount of the payments. Although it may have been unnecessary for the jury to know the amounts, we do not think it has been shown that the fact they did prejudiced the defendant. Judge Anderson's charge that the

jury must decide the case on liability and on damages, including its own appraisal of the physical injuries and their consequences, as if it were an ordinary negligence case between the plaintiff and the defendant without regard to the fact of the award or its amount (except that if the verdict was for the plaintiff the insurer was to be repaid), was clear, detailed, specific and emphatic and correctly stated the governing law. *Baltimore Transit Co. v. State,* 183 Md. 674 [1944]. The defendant has fallen short of showing that the knowledge of the amounts paid as compensation was an improper factor in bringing about the size of the verdict, which on its face was a reasonable reflection of the monetary losses and compensation for the physical effects suffered by the workman, if the jury believed the testimony he produced, as they were entitled to do, and apparently did. [233 Md. at 159].

The case of *Sanner v. Guard,* 236 Md. 271, 203 A.2d 885 (1964), is factually similar to the case at bar. In *Sanner,* the same complaint of prejudice was made as is advanced in the case *sub judice.* The Court stated:

Finally the appellant complains that he was prejudiced ... by the mention of the compensation carrier in the instructions when no evidence of the fact of payments or the amount thereof had been adduced at the trial. We find no merit in this contention. ...

The court's instruction to the jury merely explained that the Maryland Casualty Company was named as a party because Sanner, at the time of the accident, was an employee of Drummond and came under the workmen's compensation law, which required that the compensation carrier be named as a party plaintiff. We find no error in the action or instructions of the trial judge. [236 Md. at 277-278].

Appellants argued to the trial court that it should have allowed into evidence the amount paid by the workmen's compensation carrier to the appellant Newcomb. They contend that since no such evidence was admitted concerning the workmen's compensation the trial judge should not have explained to the jury the reasons for the insurer being in the case.

In *Kilgore, supra,* while the Court of Appeals found no prejudice in the admission of the evidence as to workmen's compensation benefits paid and the amount of these payments, the decision does not require that in all cases this information *must* be divulged to the jury, nor was it even recommended. It seems to us to be a matter for the trial court's discretion provided the jury is properly instructed that its decision must be based solely upon the evidence before it including its own appraisal of the injuries and damages sustained by the plaintiff.

Appellants complain that even if it was correct for the court to explain Hartford's presence in the case to the jury, the instruction as given was incorrect, confusing, misleading and prejudicial. We note that appellee argues that under Md. Rule 554 d appellant was required to state distinctly its grounds for the general objection it made to the court's instructions as given. The appellees contend that appellants never made the specific objection as required by Md. Rule 554 e and that it is now precluded from making that argument on appeal. While there is some justification for appellee's contention, we shall not decide the issue on the failure to comply with the rules. We are convinced from our own reading of the instructions as given, considered as a whole, the trial judge accurately stated the explanation of Hartford's position in the case and that the instructions were not incorrect, confusing, or misleading.

Appellants also complain that the size of the verdict clearly establishes that they had been prejudiced by the allegedly improper instruction given by the trial judge. They argue that the evidence established that the plaintiff had medical bills and lost wages of approximately two thousand

dollars; that future surgery estimated to cost between five and seven thousand dollars might be required, and that Newcomb had a 25% permanent partial disability.

The appellees, however, argue that the facts which appellant contends were clearly established were actually in sharp dispute. They point out the operation spoken of was a cervical fusion which the doctor, presented on behalf of the appellant, had never recommended and that there was no evidence that Newcomb intended to undergo such an operation. While the appellant's doctor did testify that in his opinion the appellant had a 25% disability of his spine, he was unable to state how much of the disability was due by appellant's arthritis, which existed prior to the accident, and how much was attributable to the trauma. Finally, there was evidence to indicate that Newcomb's testimony was unbelievable and exaggerated and less than candid. Under the circumstances, we do not find that the size of the verdict of which appellant complains was too low or was prejudicially inspired by the trial court's instructions.

## III.

When the appellees called Newcomb to the stand he admitted that he had been hospitalized at the Anne Arundel General Hospital for a broken nose shortly before the accident in this case.

Appellants admit that hospital records are not inadmissible per se. It is well settled that hospital records are admissible under the business record exception to the hearsay rule. They are specifically designated as business records under Md. Code (1974, 1980 Repl. Vol.) Courts and Judicial Proceedings Article, § 10-101. *See Dunn v. State,* 226 Md. 463, 174 A.2d 185 (1961). Appellants contend that they should not have been admitted into evidence over objection because the custodian of medical records for Anne Arundel General Hospital did not appear in court to testify to the authenticity of the records. In *Thomas v. Owens,* 28 Md. App. 442, 346 A.2d 662 (1975), we said:

> "While a foundation must be laid for the introduc-
> tion of evidence under this statute, [Md. Cts. & Jud.
> Proc. Code Ann. § 10-101] the foundation need not
> always consist of testimonial evidence, and in some
> cases the court may properly conclude from the cir-
> cumstances and the nature of the documents
> involved that it was made in the regular course of
> business." *Pine Street Trading Corp. v. Farrell
> Lines, Inc.,* 278 Md. 363, 373, 364 A.2d 1103 (1976).
> "The rule in Maryland is that business records may
> be introduced, even though hearsay in nature,
> when the entry meets the test of 'necessity and cir-
> cumstantial guaranty of trustworthiness.'"
> *Burroughs International Co. v. Datronics Engi-
> neers, Inc.,* 254 Md. 327, 348, 255 A.2d 341 (1954).

In this case the appellees proffered to the court that the records were furnished to the court in response to a *subpoena duces tecum* directed to the custodian of medical records of the hospital and delivered to the clerk of court by a rep-resentative of the custodian of records office. Appellees also proffered to the trial judge the testimony of the clerk of court that this was the usual procedure for handling subpoenas for medical records. When Newcomb was called as a witness, in response to questioning he admitted that the record was a true record of the information concerning the injury to his nose and his statements to the attending physician. In the light of these facts we find no error in the admission of the hospital records.

IV.

Finally, appellants requested the court to instruct the jury that "a party calling a witness vouches for its credibility and is bound by his testimony." They contend the refusal to give such an instruction amounted to reversible error. We do not agree. As authority for their contention, appellants cite *Poole v. State,* 290 Md. 114, 428 A.2d 434 (1981), where the Court of Appeals stated that "[t]here exists in this State the

general rule that a party who produces a witness in court vouches for that witness' credibility and trustworthiness, and no direct attack upon his veracity should be made by the producing party in the absence of surprise, hostility, or deceit." [290 Md. at 118].

We consider this rule in civil cases to be a procedural guide for the trial judge, intended to assist him in setting the limits for impeachment of a witness called by a party. It has nothing to do with the jury's duties and responsibilities. The judge, not the jury, decides when a party may impeach his own witness. *See General Motors Corp. v. Lahocki,* 286 Md. 714, 410 A.2d 1039 (1980).

The record extract makes it clear that appellants made no objection to the appellees' examination of the appellant's physician during his examination in chief. If, in fact, appellees improperly sought to impeach the witness it was the appellants' responsibility to offer a timely objection so the trial judge might rule upon the evidence. It is to be noted, additionally, that appellants contend that the appellees attempted to impeach the witness in their closing argument. The record does not disclose, however, that any objection was made to the closing argument, nor was any motion made to strike the offending portion of it. We find nothing in the record extract to indicate that the appellees sought to impeach the witness' testimony other than the mention of the fact that he was the appellant's attending physician. We find no basis for appellants' contention that the refusal to instruct the jury in the paraphrase of the language of the *Poole* case amounted to reversible error.

*Judgment affirmed, costs to be paid*
*by appellants.*