549 A.2d 1142

**Bruce Michael STRONG**

v.

**PRINCE GEORGE'S COUNTY, Maryland.**

**No. 214, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Nov. 9, 1988.

Gerard P. Zarchin (Law Offices of Leo E. Green on the brief), Bowie, for appellant.

Michael G. Comeau, Associate County Atty. (Michael P. Whalen, County Atty., Michael O. Connaughton and Albert J. Lochte, Deputy County Attys., on the brief), Upper Marlboro, for appellee.

Argued before MOYLAN, WENNER and POLLITT, JJ.

WENNER, Judge.

This appeal presents the question of whether an employer is entitled to obtain full reimbursement from a third party tort-feasor for amounts paid to its employee by order of the Worker's Compensation Commission, absent specific proof that the injuries for which compensation was paid were the result of the tort-feasor's negligence. We shall answer that question in the negative, and reverse the decision of the Circuit Court for Prince George's County which held to the contrary.

On March 24, 1983, Raymond F. Gheen, a Prince George's County Police Officer, was injured when an automobile driven by him in the course of his employment was struck by a vehicle driven by appellant, Bruce Michael Strong. Gheen filed a claim with the Maryland Worker's Compensation Commission. Among the injuries for which Gheen sought compensation was a condition known as pancreatitis, which he developed several months after the accident.[1] After several contested hearings, the Worker's Compensation Commission found that all of Gheen's injuries, including the pancreatitis, resulted from the March 24th accident, and granted him awards for temporary total and permanent partial disability. Pursuant to the order of the commission, appellee, Prince George's County, paid Gheen ($24,607.22).[2] Appellee then filed the suit which spawned this appeal. In it, appellee sought reimbursement from appellant pursuant

---

1. There was some disagreement at trial as to exactly when the officer first developed the stomach pains later diagnosed as pancreatitis. All parties agree, however, that he first experienced the pain several months after the accident.

2. Kevin M. Smee testified that he is employed by the Prince George's County Claims Service, and that his job is to supervise records concerning worker's compensation payments made by the county. He further testified that he was familiar with the claim filed by

to Md.Ann.Code Art. 101, § 58. Appellant's liability was disposed of by summary judgment, and the case proceeded to trial on damages.

At trial, the appellee established that it had in fact paid worker's compensation to Gheen totalling $24,607.22. Appellee then entered into evidence the compensation file from Gheen's case which included the order of the commission directing appellee to pay Gheen, as well as reports and itemized bills of doctors who rendered him services. At the close of appellee's case, appellant moved for judgment pursuant to Maryland Rule 2–519. Appellant argued that appellee had failed to produce sufficient evidence to prove that the compensation payments it made were for injuries suffered in the accident. The trial court granted the motion as to punitive damages, but denied the motion as to compensatory damages. Appellant opted not to put on evidence but renewed his motion for judgment, which was again denied. On appeal, appellant renews his assertion that the county should have been required to prove that the injuries for which it paid compensation were caused by appellant's negligence.

Maryland Annotated Code Article 101, § 58 provides that, where an employee covered by worker's compensation is injured under circumstances creating legal liability in a third person, the employee, at his option, may proceed against the employer for worker's compensation or against the third party for damages. *Baltimore Transit Co. v. Worth,* 188 Md. 119, 52 A.2d 249 (1947). If the employee elects to proceed against his employer and compensation is paid, the employer is subrogated to the rights of the employee. *Smith v. Bethlehem Steel Corporation,* 303 Md. 213, 221, 492 A.2d 1286 (1985); *Maryland Casualty Co., et al. v. Union Bridge Electric Mfg. Co.,* 145 Md. 644, 650, 125 A. 762 (1924). By reason of that subrogation, the em-

---

Sergeant Gheen, and that pursuant to commission orders, the County paid Gheen fourteen thousand one hundred forty two and 26/100 dollars ($14,142.26) in compensation payments and ten thousand four hundred sixty four and 96/100 dollars ($10,464.96) in medical fees.

ployer has the right to enforce the liability of the third party, and to reimburse itself for the amount of compensation it has paid from any judgment recovered. *Id.*

Appellee contends that the evidence it presented of payments made to Gheen as ordered by the Worker's Compensation Commission established a prima facie case for reimbursement, and that appellant had the burden of showing that the amounts paid bore no relation to the injuries which Gheen suffered in the accident. We see it differently.

As we have observed, in a situation such as that in the case at hand, Art. 101, § 58, subrogates the employer to the rights of the employee. Subrogation, as that term is generally defined is "the substitution of one person in the place of another, whether as a creditor or as the possessor of any other rightful claim." *Government Employees Insurance Co. v. Taylor*, 270 Md. 11, 21, 310 A.2d 49 (1973). "Subrogation contemplates some original privilege on the part of him to whose place substitution is claimed, and where no such privilege exists ... there is nothing on which the right can be based." *Poe v. Philadelphia Casualty Co.*, 118 Md. 347, 353, 84 A. 476 (1912). In Maryland, subrogation exists in three categories: "(i) conventional subrogation (by contract or acts of the parties), (ii) statutory subrogation (by legislative enactment), and (iii) legal subrogation." *Government Employees Insurance Co., supra*, 270 Md. at 21, 310 A.2d 49. The category at issue in this litigation is, of course, statutory subrogation.

 Apparently, the county confuses subrogation with indemnification.[3] Indemnification is an agreement to reimburse one who has been held liable for the amount of his loss. *Poe, supra*, 118 Md. at 357, 84 A. 476. Under such an agreement, once the assured party has been held liable, the obligor is automatically required to make payment

---

**3.** The county cites 101 C.J.S. Workmen's Compensation § 1030 (1958) for the proposition that proof of compensation paid by an employer to an employee, in an action by an employer against a third party, is prima facie evidence of damages. The county has rather conveniently failed to read that section in its entirety, however. Section 1030 says,

irrespective of whether the assured was properly held liable. *See Id.* at 356, 84 A. 476. As we have already said several times, Art. 101, § 58 provides that upon payment of compensation an employer is *subrogated* to the rights of its employee. *Smith, supra.* The employer does not thereby acquire an automatic right to reimbursement, it acquires *the right* to sue the third party tort-feasor. In such a suit, if the employer can prove that the employee was entitled to recover, the employer is entitled to reimburse itself, from any judgment it may recover on behalf of the employee, the amount of compensation it paid. *See Maryland Casualty Co., supra.* Moreover, the amount of the compensation award is *not* the measure of damages in the suit against the tort-feasor. "In that suit the measure of damages is the same as if the [employee] had proceeded against [the tort-feasor] in the first place." *Id.* In other words, evidence must be presented to the court upon which the court can make its own independent appraisal of the injuries and their consequences, as if the case were an ordinary negligence case. *See Kilgore v. Collins,* 233 Md. 147, 159, 195 A.2d 703 (1963); *Newcomb v. Owens,* 54 Md.App. 597, 459 A.2d 1130 (1983).

The appellee relies heavily upon *Federal Marine Terminals, Inc. v. Burnside Shipping Company,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969) to support its contention that the measure of damages in the case *sub judice* is

---

"Where a provision of the compensation act giving the employer the right to enforce the liability of the person causing the injury if compensation is paid is regarded as a provision merely for *indemnification* ... proof of compensation paid ... is prima facie evidence of plaintiff's damages." 101 C.J.S. Workmen's Compensation § 1030(a). (Emphasis supplied.) *See also United States Casualty Co. v. Superior Hardware Co.,* 175 Wis. 162, 184 N.W. 694 (1921). Where the provision provides for a right of subrogation, the amount paid by the employer is some evidence of damages; however, it has been held insufficient to prove those damages. *Travelers Insurance Co. v. Crescent Forwarding & Transportation,* 176 So. 654 (La.App.,1937); *Bellard v. Woodward Wight and Co., Ltd.,* 362 So.2d 819 (La.App.,1978); *Breese v. Price,* 29 Cal.3d 923, 176 Cal.Rptr. 791, 633 P.2d 987 (1981); *Grasse v. Dealer's Transport Co.,* 412 Ill. 179, 106 N.E.2d 124 (1952).

the amount of worker's compensation paid. That reliance is entirely misplaced. In *Federal Marine Terminals*, the Supreme Court was asked whether a stevedoring contractor whose employee was killed in the course of his employment was limited to the remedy provided by the Longshoreman's and Harbor Worker's Compensation Act when seeking reimbursement from a shipowner on whose vessel the employee was killed.

The Court discussed the various remedies available to an employer who pays compensation for injuries caused by a third person. The Court did not, as appellee suggests, hold that worker's compensation payments are the measure of damages in a subrogation case. Indeed, the court did not discuss the measure of damages at all. Rather, the Court held that in addition to the subrogation rights provided by the Longshoreman's and Harbor Worker's Compensation Act, an employer may also bring an independent tort action against the third party for the injuries to the *employer* caused by the third party's negligence.

In sum, we hold that, in an action such as that in the case *sub judice*, brought by an employer against a third party tort-feasor under Art. 101, § 58, the employer must present sufficient evidence upon which the trial court could find that the injuries suffered by its employee were the result of the tort-feasor's negligence. We turn now to determine whether such evidence was presented in the case at hand.

It is beyond cavil, of course, that in a negligence action, the plaintiff has the burden of proving, by a preponderance of the evidence that his damages were caused by the negligence of the defendant. *Cramer v. Housing Opportunities Comm'n*, 304 Md. 705, 712–13, 501 A.2d 35 (1985). In proving that causal connection, it is not always necessary to produce expert testimony. *Wilhelm v. State Traffic Comm'n*, 230 Md. 91, 99, 185 A.2d 715 (1962); *Vroom v. Arundel Gas Company*, 262 Md. 657, 664, 278 A.2d 563 (1971). For example, where "the disability develops coincidentally with, or within a reasonable time after, the negligent act, or where the causal connection is clearly

apparent from the illness itself and the circumstances surrounding it," no expert testimony is necessary. *Id.* Nonetheless, where the cause of the injury is a complicated medical question involving fact finding which is properly within the providence of medical experts, proof of the cause must be made by such a witness. *Wilhelm, supra,* 230 Md. at 100, 185 A.2d 715.

■ Applying *Wilhelm* and its progeny to the situation with which we are faced, we conclude that expert medical testimony was necessary to establish the causal connection, if any, between the accident and the pancreatitis Gheen developed several months later. Reports submitted to the commission by various medical experts established that a number of things can cause a person to develop pancreatitis. A severe injury to the stomach is just one of them. Moreover, at least one medical expert wrote that, in view of the fact that the symptoms did not develop until several months after the accident, it was quite unlikely that the pancreatitis was caused by the accident. Under these circumstances we think that expert medical testimony should have been presented. Without such testimony, the evidence was insufficient to support the award of damages.

JUDGMENT REVERSED.

COSTS TO BE PAID BY THE APPELLEE.