MACKENZIE (BRUN), ETC., ET AL. v. REESEY

[No. 377, September Term, 1963.]

*Decided July 2, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT and HORNEY, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*Lewin Wethered* and *Edward C. Mackie,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellants.

*James H. Cook* and *John B. Howard,* with whom were *Cook, Mudd & Howard* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

Judge Lindsay directed a verdict for the defendant at the close of appellants' case, and they have appealed.

They pose six contentions, but all of the points raised may be determined by answering the following questions: (1) Did the accident take place in a "town or city," within the purview of Code (1957), Article 66½, Section 236 (a); (2) Was the appellants' decedent guilty of contributory negligence as a matter of law; and (3) Was appellants' evidence such as to require the invocation of the last clear chance doctrine?

The appellee, Donald Reesey, a sergeant in the Armed Forces at the time of the accident herein involved, was living in Dun-

dalk, Baltimore County, and working at Andrews Air Base near Washington, D.C. He was on the 4:30 p.m. to 12:30 a.m. shift, and, usually after driving back to his home in Dundalk in the early morning hours, would sleep until 6:00 a.m., arise and have breakfast with his aunt, get his child off to school, and then go back to bed until time to go back to work at 3:00 p.m. On the night of December 1, 1961, he left the base at 10:30 p.m. and headed toward his brother's home in the Victory Mills section of Baltimore County to the east of Essex, stopping on the way to pick up some fellow servicemen, hitchhiking. Thereafter he stopped to get some beer, some of which was consumed by appellant en route and some at his brother's house, he consuming a total of four bottles and two glasses of draft beer in the period between 10:30 p.m. on the evening of December 1st and 6:00 a.m. on December 2nd. The brother, at the time, was working the same hourly shift as the appellee. When he arrived at his brother's home he found his brother's family at home watching television. After spending some time with the family and assisting his brother in assembling some newly purchased furniture, he left, around 5:30 a.m. to go to his home in Dundalk.

As he was proceeding in a westerly direction on Eastern Blvd., a four-lane dual highway in the heart of Essex, in the lane of traffic next to a concrete center dividing strip, he came to a stop for a red light at Taylor Avenue, a block or so west of a police station, and another car stopped to his right. His lights were on "low beam." When the light turned to green, both appellee and the car to his right started forward, the car to the appellee's right accelerating at a faster speed. At a point approximately 517 feet from the intersection of Taylor Avenue, while the appellee was traveling at approximately 25 miles per hour, he felt a thump on the left front of his car, and promptly brought the car to a stop in the same lane of traffic. He walked back and found the deceased lying just over the median strip in the left lane of eastbound traffic approximately 20-25 feet to the east of where he had stopped. The appellee's car was damaged to the extent that the top of the left front fender was pushed in, the parking light was broken, the left post on the side of the driver was bent, and the windshield was broken.

Mrs. Lois Cook, a waitress at the diner who had just served the deceased with a cup of coffee, saw him go out the doorway and start across the street, after which she went into the kitchen and picked up an order of scrambled eggs. She testified that about five seconds after the deceased had left the front door and while she was coming out of the kitchen, she looked out the front window, heard a loud screeching of brakes for two or three seconds duration, and saw a man "flying" up in the air.

I

None of the questions requires elaborate discussion. Section 236 (a), *supra,* provides that between street crossings in "towns and cities" of this State vehicles shall have the right of way over pedestrians. This Court has held (in the absence of statutory provision to the contrary) that outside the towns and cities pedestrians and motorists have mutual, reciprocal and equal rights. *Mahan v. State,* 172 Md. 373. Appellants argue that none of the towns or cities in Baltimore County is "incorporated," and the statute was only intended to apply to towns and cities which are incorporated.

Section 236 (a) deals with a traffic problem and it is difficult to discern any differences between traffic problems in communities of the same general size and density of population, with like streets and congestion, which depend upon whether one is incorporated and the other is not. This Court, on at least two occasions, has held that the crosswalk statute applies to towns in Baltimore County. *Consol. Gas Elect. Lt. & Power Co. v. Rudiger,* 151 Md. 226; *Crunkilton v. Hook,* 185 Md. 1. And in a case wherein the deceased pedestrian was held to be guilty of contributory negligence as a matter of law when crossing at a point between cross-walks, this Court described the location of the accident as "a small, *unincorporated* town or village." (Italics added.) *Billmeyer v. State,* 192 Md. 419. We think that a town within the contemplation of Section 236 (a) means any closely populated place of substantial size (conceded to be the situation at the scene of the accident herein), whether incorporated or not, as distinguished from the rural or sparsely populated communities. Other Courts have reached

386

the same conclusion. *Congregation of Sisters, etc. v. Glassell,* 20 So. 2d 923 (La.); *Sessions v. State,* 41 S. E. 259 (Ga.); *Guadalupe County v. Poth,* 163 S. W. 1050 (Tex.); *Wilder v. McConnell,* 45 S. W. 145 (Tex.); *City of Denver v. Coulehan,* 39 P. 425 (Colo.).

## II

A reading of the statement of facts raises considerable doubt as to whether appellants adduced any evidence of primary negligence, but, for the purposes of this case, we shall assume that they did. A pedestrian who crosses a street between intersections is not necessarily negligent. *Boyd v. Simpler,* 222 Md. 126; *Henderson v. Brown,* 214 Md. 463. And an act to constitute contributory negligence as a matter of law must be distinctive, prominent and decisive—one about which reasonable minds would not differ. *Vokroy v. Johnson,* 233 Md. 269. We have held that when a person crosses a street between intersections he must use the greatest of care for his own protection, and he must accommodate himself to vehicles on the road and cross only as traffic affords a safe opportunity. *Henderson v. Brown, supra.* Appellants' only eyewitness stated that their decedent walked out of the diner and started across the street. The area was well lighted: in addition to the ordinary street lights, the diner had its neon lights on and an automobile lot across the street had its all-night lights shining. In the middle of the street was a two-foot median strip. The witness saw the deceased walk (between cross-walks) to the middle of the street, and she saw appellee's automobile strike the deceased. After the accident, the automobile was in its lane of traffic and the deceased's body was lying just across the median strip from, but slightly behind, the car. There was no damage to the car except its left front and left side. Applying the above stated principles of law to the facts of the case at bar, we hold that the learned trial judge was correct in ruling that one who crosses a well-lighted street between cross-walks and fails to avoid an automobile, which is traveling at a reasonable rate of speed and being operated in an ordinary manner, is guilty of contributory negligence as a matter of law. Such an act is distinctive, prominent and decisive, and one about which reason-

able minds would not differ. For a few of our cases making similar holdings, see *Vokroy v. Johnson, supra; U. S. Fid. & Guaranty Co., etc. v. Royer,* 230 Md. 50; *Campbell v. Jenifer,* 222 Md. 106; *Love v. State, etc.,* 217 Md. 290.

### III

Appellants, mistakenly, state that "all the elements of last clear chance are found in the facts of this case." We shall not discuss the doctrine in detail. We reaffirm what we said in *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, and *Peregoy v. Western Md. R. Co.,* 202 Md. 203, wherein the doctrine is considered in quite some detail.

The doctrine presupposes primary negligence on the part of a defendant, contributory negligence on the part of a plaintiff, and a showing of something new or independent, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence and the plaintiff's contributory negligence. In the case at bar, there was no showing of a chance on the part of the defendant to avoid the consequences of his (assumed) negligence and the decedent's contributory negligence. The defendant, called by the plaintiff below, testified that he did not see the deceased prior to the collision, but heard his car hit something and thereafter discovered the body of the deceased. This testimony was not controverted, but, on the contrary, was relied upon heavily by the plaintiffs below in their attempt to establish primary negligence. In the absence of a necessary element of the doctrine, it can not be applied. Again, the trial judge was correct in his ruling.

Our holdings above make it unnecessary to answer appellants' other contentions.

*Judgment affirmed, with costs.*