SANNER *v.* GUARD

[No. 443, September Term, 1963.]

[redacted]

*Decided October 14, 1964.*

[redacted]

The cause was argued before HENDERSON, C. J., and HAM-MOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*William F. Mosner* for the appellant.

*Phillips L. Goldsborough, III,* with whom were *Smith, Somerville and Case* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

The plaintiff-appellant appeals from a judgment entered for costs upon a jury verdict in favor of the defendant-appellee in a suit instituted to recover damages for personal injuries sustained by appellant in the course of his employment in an accident which occurred November 29, 1960.

Both the appellant and the appellee were employees of Drummond & Co., Inc., a paving contractor on a construction job, while laying macadam for a new air strip at Fort Meade, in Anne Arundel County. The appellant, Lloyd J. Sanner, was the job superintendent, and the appellee, James F. Guard, was a roller operator under his supervision. On the morning of the accident it was found that one of the heavy pieces of construc-

tion equipment, an air compressor, would not start due to a dead battery. The appellant directed the appellee to take a pick-up truck and go to the appellee's automobile to get a set of jumper cables. The truck in question was assigned by Drummond to the appellant for his use. Sanner had had the truck for fifteen to eighteen months, ever since it was new, and was responsible for the truck's maintenance and repair. It was equipped with an automatic transmission and there was no clutch pedal, but the position indicator on the dial of the gearshift mechanism was missing at the time of the accident, and had been missing for twelve months or more prior thereto. The plaintiff had made no effort to have the position indicator replaced during that entire period of time. He claimed that the indicator was not needed, but admitted that without the indicator a driver could not tell from looking at the mechanism precisely in what gear was the truck. The mechanism was so designed that with the gearshift lever arm all the way up (and the indicator, had it been present, opposite the letter "N" on the dial) the mechanism was in a neutral position. With the lever arm one notch down from this position (and the indicator, had it been present, opposite the numbers "1-4" on the dial) it was in a forward drive position, and the truck would be in gear. After securing the jumper cables from his automobile, the appellee drove the truck back to the job site, and stopped it facing the rear of the compressor, with about two or three feet of space between the front of the vehicle and the rear of the compressor. He handed the cables to a workman, put the truck in what he though was neutral, and speeded up the engine by pulling out the hand throttle so as to produce a sufficient flow of electricity for proper use of the jumper cables. Meanwhile the appellant, who had been standing alongside of the compressor, walked into the two or three foot space between the front of the truck and the rear of the compressor, released the hood latch and raised the hood of the truck. He then remained in this position for a period variously estimated by him at from five to fifteen seconds, waiting for someone to hand him the cables to be attached to the battery, located on the right side of the truck. Suddenly the truck jumped foward and pinned him against the compressor, resulting in serious injuries. Guard testified that

the forward movement of the truck occurred when he let up on the foot brake, after placing the lever in what he thought was neutral, setting the hand brake, and speeding up the engine. He stated that the truck "must have cut in gear and jumped ahead."

The appellant first claims that the trial judge erred in not instructing the jury that under the evidence he was free of contributory negligence as a matter of law, and that the court's instructions on contributory negligence did not fairly present the theory of appellant's case.

It is fundamental that the issue as to the existence *vel non* of negligence, whether primary or contributory, should ordinarily be left for determination by the jury. Each case must be judged on its own facts, and the court should rule as a matter of law that there is no contributory negligence only where the circumstances are such that reasonable minds could not reach differing conclusions on the issue. *Wiggins v. State, Use of Collins,* 232 Md. 228, 192 A. 2d 515; *Boyd, Adm'r v. Simpler,* 222 Md. 126, 158 A. 2d 666, *Lindenberg v. Needles,* 203 Md. 8, 97 A. 2d 901; *Valcourt v. Ross,* 201 Md. 17, 92 A. 2d 359. In deciding whether there is evidence of contributory negligence on the part of the plaintiff legally sufficient for consideration by the jury, the court must view the evidence in the light most favorable to the defendant. *Kantor v. Ash,* 215 Md. 285, 137 A. 2d 661; *Lindenberg v. Needles, supra; Goldman v. Johnson Motor Lines,* 192 Md. 24, 63 A. 2d 622. The evidence showed that the plaintiff was the job superintendent, with personal responsibility for the manner in which the work and progress was conducted, and with full authority to direct and control the actions of the defendant, as well as other employees on the job site. Although he saw that the defendant had stopped the truck in such a position that there was a distance of only two or three feet between the front of the truck and the compressor, he did not instruct the defendant to move the truck into any other or safer position. The plaintiff then walked from a position of safety alongside of the compressor into the narrow space between the front of the truck and the compressor and remained there for up to fifteen seconds according to his own testimony, although there was no necessity of his remaining

there, since the battery could have been reached just as easily from the side of the truck where there would have been no danger. He did this in spite of his knowledge of the missing gearshift position indicator, and although he knew that the engine was not idling but was running at an increased rate of speed. He placed himself in a position which was considerably more dangerous than it otherwise would have been by his own admitted failure to fulfill his responsibility to maintain the truck in safe mechanical condition by replacing the gearshift position indicator. Certainly he must have realized that the manufacturer had placed the position indicator on the mechanism for the very purpose to enable the driver to be sure what position the gears were in, and he must also be charged with the knowledge that the absence of the indicator would increase the possibility that a driver might fail to get the mechanism in a neutral position and keep it there.

The trial judge was correct in not instructing the jury that under the evidence in the case the plaintiff was free of contributory negligence and in submitting the question to the jury.

Furthermore, we find nothing prejudicial to the theory of the plaintiff's case in the trial judge's instruction to the jury on the question of contributory negligence. On this aspect of the case the trial judge instructed the jury:

"Likewise, with respect to contributory negligence, you must find that the contributory negligence of the plaintiff must have directly contributed to the happening of the accident, and I instruct you that on the question of negligence, one is not bound to anticipate every possible injury that may occur or every eventuality. The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligent if an ordinarily prudent person would have made what proves to have been the same error. In other words, it is what an ordinarily prudent per-

son would do under the same circumstances as existed at Camp Meade on the day that Mr. Sanner was hurt."

This portion of the instructions properly set forth the law pertaining to contributory negligence, and complied with Maryland Rule 554.

Appellant next complains that the court was in error in refusing to instruct the jury on the doctrine of last clear chance. This doctrine clearly had no application to the facts of this case. We have many times reiterated that the doctrine (which presupposes the existence of both primary and contributory negligence) has no application where the contributory negligence of the plaintiff is concurrent with the primary negligence of the defendant. In order for the doctrine to apply, there must be a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence. *MacKenzie v. Reesey,* 235 Md. 381, 201 A. 2d 848; *State, Use of Taylor v. Barlly,* 216 Md. 94, 140 A. 2d 173; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 128 A. 2d 400; *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 95 A. 2d 867. In this case, the alleged negligence of the defendant is claimed to have been in his failure to be sure that the mechanism was in neutral gear, and that it remained there, so that the truck would not move forward and injure the plaintiff. This asserted act of negligence having been committed, and the truck having lurched forward, there is nothing in the record to indicate that the evidence showed the defendant thereafter had an existing opportunity, which he failed to exercise, to avert the consequences of his (assumed) original negligence in time to avoid the accident. There is no showing that the plaintiff was in a position of helpless peril at any time prior to the forward movement of the truck and the almost simultaneous impact. The doctrine of last clear chance had no application here, and the trial court correctly so ruled.

We find no merit in the appellant's contention that the trial court committed prejudicial error in admitting into evidence three photographs of the gearshift mechanism. The first of these photographs was admitted without objection. The other two,

quite similar, but showing the gearshift lever in different positions, were objected to by the plaintiff but in our view their admission into evidence did not prejudice the plaintiff's case. The admission or exclusion of photographs is a matter for the discretion of the trial judge, and his rulings thereon will not be disturbed in the absence of a showing of an abuse of discretion. *Marlow, Infant v. Davis,* 227 Md. 204, 176 A. 2d 215; *Hance v. State Roads Comm.,* 221 Md. 164, 172-73, 156 A. 2d 644; *Nocar v. Greenberg,* 210 Md. 506, 124 A. 2d 757, and cases there cited.

The appellant further contends that the trial court erred in not instructing the jury to disregard Guard's testimony, which was later contradicted by him. However, we think that the appellee's testimony taken in context is not self-contradictory but was only an explanation of his actions on the day of the accident. It is apparent that what he was saying was that he put the lever in what he believed to be the neutral position, tried to make sure it was in neutral, and thought that it was, but couldn't be sure about it because the position indicator was missing, then when he let go of the gearshift lever and eased up on the brake "* * * it must have cut in gear and jumped ahead." There was certainly nothing essentially contradictory in this testimony.

Finally the appellant complains that he was prejudiced by the court's granting of appellee's motion made on the day of trial that the compensation insurance carrier be named a party plaintiff, and that he was prejudiced by the mention of the compensation carrier in the instructions when no evidence of the fact of payments or the amount thereof had been adduced at the trial. We find no merit in this contention. The trial court's action in entering the case to the use of the workmen's compensation insurer was taken in accordance with the provisions of Maryland Rule 203 d, which requires that where an action has not originally been filed in the name of the real party in interest under Section a of that Rule, the court may, upon petition of a defendant, order the real party in interest to be made a party plaintiff.

The court's instruction to the jury merely explained that the Maryland Casualty Company was named as a party because

Sanner, at the time of the accident was an employee of Drummond and came under the workmen's compensation law, which required that the compensation carrier be named as a party plaintiff. We find no error in the action or instructions of the trial judge. *Kilgore v. Collins*, 233 Md. 147, 158, 195 A. 2d 703.

*Judgment affirmed, with costs.*