GUTTERMAN *v.* BIGGS, ET VIR

[No. 162, September Term, 1967.]

*Decided April 3, 1968.*

422

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, McWILLIAMS and FINAN, JJ.

*William J. Rowan, III,* with whom were *Robert C. Heeney*
and *Heeney, McAuliffe & McAuliffe* on the brief, for appellant.

*Earl H. Davis* for appellees.

MARBURY, J., delivered the opinion of the Court.

On July 22, 1964, the appellee, Aldona A. Biggs, was a pas-
senger in a 1963 Ford sedan owned by her and driven by her
teenaged son. Their vehicle was in a line of traffic headed in
a westerly direction in the 1800 block of Old Georgetown Road,
one of the main streets of Bethesda, in a suburban area of Mont-
gomery County, when they were struck from behind by a 1964
Triumph roadster, driven by the appellant, Robert P. Gutter-
man, II, resulting in $400 damages to the appellant's car and
$125.87 to the appellee's car. The impact caused serious injury
to Mrs. Biggs, causing her to be hospitalized and requiring con-
siderable medical attention.

In the court below, a jury found in favor of the appellees,
Mr. and Mrs. Bertram J. Biggs, Jr., awarded Mrs. Biggs dam-
ages in the amount of $10,000 as compensation for her injuries
and awarded Mr. Biggs $6,000. The appellant, at the close of
all of the evidence duly moved for a directed verdict which was
denied, and also filed a motion for a new trial which was taken
under advisement by the judge, who subsequently filed a writ-
ten opinion on March 6, 1967, denying that motion and judg-
ment was entered upon the verdicts for the appellees on March
7, 1967.

The sole issue on this appeal is whether it was error for the
judge to instruct the jury that as a matter of law there was no
contributory negligence in this case.

The facts testified to at the trial are as follows. Mrs. Biggs stated that her vehicle was in a line of traffic with approximately five cars in front of it and that her automobile and those in front of it were stopped for a red light and had been stopped for about a minute when they were struck from behind. Edward J. Biggs, the driver of the Biggs vehicle, testified substantially to the same facts as did his mother. Roy Dennis, a truck driver who witnessed the accident, testified that he had slowed to about twenty miles per hour when the appellant came from behind him, apparently to pass, and that there was no room for him to get back in line and that he (appellant) struck the rear of the Biggs vehicle which was then at a standstill. Another witness, Otho Viands, a delivery truck driver, was going east on Old Georgetown Road when he witnessed the accident. He testified that the appellant came from behind a truck and could not get back into line and collided with the rear of the appellee's automobile. He also stated that the Biggs vehicle had been stopped for about fifteen seconds and that there were eight or ten cars in front of it that had stopped for the traffic light. Police Officer, Francis Moyers, of the Montgomery County Police Department, investigated the accident. He stated that he arrived at the scene at approximately 1:20 p.m.; that the weather was cloudy, the road surface was dry and it was daylight; that the vehicles were in the same position they were in at the time of the accident and that upon talking to the appellant he was told that he (appellant) saw the brake lights of the Biggs car when he was about one car length behind it, that he applied his brakes and skidded into the rear of the Biggs vehicle. He further testified that he found approximately eighteen inches of skid marks left by the appellant's automobile.

Where the defendant chooses to rely on contributory negligence as a defense he has the burden of proving that the plaintiff was negligent. Judge Horney, speaking for the Court, said in *Wheeler v. Katzoff*, 242 Md. 431, 435-36, 219 A. 2d 250:

"While contributory negligence on the part of a plaintiff is a defense which a defendant may assert to protect himself from liability, he has the burden of proving such negligence. See *Sears v. Baltimore &*

*Ohio R.R.,* 219 Md. 118, 148 A. 2d 366 (1959);
*Lindenberg v. Needles,* 203 Md. 8, 97 A. 2d 901
(1953); *Goldman v. Johnson Motor Lines, Inc.,* 192
Md. 24, 63 A. 2d 622 (1949). And if the plaintiff's
evidence does not disclose any negligence on his part
and the defendant fails to produce evidence warrant-
ing a finding of such negligence, the court should
either instruct the jury that the plaintiff was not guilty
of contributory negligence as a matter of law or not
instruct it at all as to such negligence."

In the *Goldman* case this Court further said, at page 31:

"Although contributory negligence is ordinarily a
question for the jury, unless there be some evidence
of negligence of the plaintiff contributing to the hap-
pening of the accident beyond a mere scintilla, or evi-
dence from which negligence may be legally inferred
by reasonable persons, there is nothing which justifies
the submission of plaintiff's negligence to the jury.
*Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, 170,
125 A. 779; *Greer Transp. Co. v. Knight,* 157 Md.
528, 539, 146 A. 851; *Baltimore Transit Co. v. State,*
184 Md. 250, 40 A. 2d 678."

The appellant relied on the following testimony to support
his contention that the question of contributory negligence
should have been submitted to the jury. *First,* Officer Moyers'
report which indicated that the Biggs vehicle was not yet
stopped, and *second,* the appellant's own testimony that the
traffic in front of him came to a sudden stop, that he applied
his brakes very forcibly and that his car slid into the rear of
the Biggs car. These items of evidence do not rise above the
level of a scintilla and were not of sufficient substantiality to
show negligence of Mrs. Biggs or her son in the operation of
the car.

In the instant case the plaintiff's evidence does not disclose
any negligent act or omission on the part of Mrs. Biggs or the
operator of her car from which a rational mind could draw an in-
ference of negligence. Nor does the defendant show any such

negligent act or omission. This being the case, the judge properly instructed the jury that as a matter of law there was no contributory negligence for them to consider.

*Judgments affirmed, with costs.*