RICE *v.* NORRIS

[No. 195, September Term, 1967.]

564

*Decided April 30, 1968.*

The cause was argued before HAMMOND, C. J. and HORNEY, MARBURY, McWILLIAMS and SINGLEY, JJ.

*John F. King,* with whom were *Charles B. Keenan, Jr.,* and *Anderson, Coe & King* on the brief, for appellant.

*William O. Goldstein,* with whom was *Jerome Wasserman* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On this appeal we are requested by the appellant, Miss Jean Steven Rice, the defendant below, to reverse the judgment entered pursuant to the granting by Chief Judge Foster of a directed verdict in favor of the appellee, Verna Denise Norris, the plaintiff below. In directing a verdict for the plaintiff, the lower court ruled, and the appellant admits before us, that the defendant was guilty of primary negligence. The trial court also ruled that as a matter of law the plaintiff was not contributorily negligent. The case was submitted to the jury solely on the question of damages. This appeal was taken from the refusal to submit the question of contributory negligence to the jury as requested by a prayer offered by the defendant.

The accident occurred at about 2:00 a.m. on the morning of May 19, 1963. On the evening preceding the accident the appellant, who had rented a car for the day, left her place of employment at about 8:30 p.m. and after going home to change her clothes, picked up two friends, Miss Burger and Miss Dean, and together they proceeded to the Combo Lounge on West Baltimore Street in Baltimore City, arriving there at about 10:30 or 11:00 p.m. While at the Lounge Miss Burger introduced the appellant to the appellee, whom Miss Rice had seen before but until this time had never been personally introduced.

The appellee had come to the Lounge to meet a friend but after a disagreement of some kind the friend had left and Mrs. Norris had no way of getting home. She joined the appellant's party some time after they had arrived and asked the appellant to drive her home, which she agreed to do.

When the four women left the Combo they went directly to Miss Rice's car, which was parked on Gilmor Street, and after getting into the car they drove south on Gilmor until they reached Lombard Street where they stopped for a traffic light. When the light changed the appellant turned left on Lombard in the right lane next to the curb lane. At this point, according to Officer Daniel R. Oppel, the investigating officer, Lombard Street is a one way, eastbound street, thirty-nine feet wide and having four lanes. Three of these lanes are ten feet wide and the fourth lane nearest the north curb is nine feet wide. He testified that on arriving at the scene at 2:07 a.m. he found a three car accident. The appellant's automobile had collided with a parked vehicle at a point five feet north of the south curb, 145 feet from the intersection of Lombard and Gilmor Streets, and that the first parked vehicle was driven into a second parked car. He further testified that the weather conditions were clear and dry. Miss Rice's vehicle was damaged to the extent that it had to be towed away and the four occupants were taken to a hospital in an ambulance. When the accident occurred Miss Rice was driving, Mrs. Norris was in the right front seat and the other two women were in the rear seat.

The appellee testified that she had not had anything to drink but a coke. The appellant first testified that Mrs. Norris was not "too intoxicated" but at another point admitted that she

did not know what the appellee had been drinking, but assumed that she had been drinking highballs. The appellant testified that she herself had had only one beer during the course of the evening.

Mrs. Norris was somewhat upset about the disagreement with her friend and there was testimony that she was crying while in the bar, on the way to the car, while in the car and at the time of the accident. Several witnesses testified variously that she was not hysterical, that "she didn't seem intoxicated," that she "was sober," that she was a "flamboyant, happy-go-lucky type," that her behavior did not call "undue attention to herself" and that she was "crying and carrying on." The appellant did not claim that Mrs. Norris physically interfered with the operation of the car and finally conceded that she was only crying when the accident took place. The appellant stated that she took her eyes off the road "to look at Mrs. Norris and calm her down" and the collision took place almost instantly thereafter.

The only issue before the Court at this time is whether the trial judge should have submitted the question of contributory negligence to the jury. As this Court said in *Lindenberg v. Needles*, 203 Md. 8, 97 A. 2d 901, speaking through Judge Hammond, now Chief Judge:

> "It is constantly reiterated in the books that contributory negligence cannot be found as a matter of law, unless the evidence permits of but one interpretation which shows some prominent and decisive act in regard to which there is no room for ordinary minds to differ. *Beck v. Baltimore Transit Co.*, 190 Md. 506, 58 A. 2d 909; *Crunkilton v. Hook*, 185 Md. 1, 42 A. 2d 517; *Brown v. Bendix Aviation Corp.*, 187 Md. 613, 51 A. 2d 292.
>
> Conversely, if there is no evidence of acts or conduct from which a reasonable mind could find or infer negligence on the part of a plaintiff, it is error to instruct a jury as to contributory negligence. *Goldman v. Johnson Motor Lines*, 192 Md. 24, 63 A. 2d 622; *Garozynski v. Daniel*, 190 Md. 1, 57 A. 2d 339; *Anne*

*Arundel County Comm'rs. v. Carr,* 111 Md. 141, 73 A. 668; *Sieland v. Gallo,* 194 Md. 282, 71 A. 2d 45; and *Klein v. Dougherty,* 200 Md. 22, 87 A. 2d 821."

In the instant case the only act that the appellant relies on to show contributory negligence by way of distraction is the crying of the appellee. She admits that Mrs. Norris was seated near the right door sufficiently distant to have provided space for another passenger and did not physically interfere with her operation of the vehicle. She further admits that not only was the appellee crying before she entered the car and continuously thereafter, but also that she had seen her crying and upset on six or seven other occasions when she had seen her in bars prior to the date of the accident. It is not reasonable after such a quantity of tears have been shed that a few additional ones should suddenly distract the driver to such an extent that she would abandon the careful operation of her vehicle and allow it to crash into a parked car. The appellant relies strongly on the case of *State v. Brandau,* 176 Md. 584, 6 A. 2d 233. In that case the plaintiff's decedent was in a car being operated by the defendant. While the car was approaching a curve indicated by a "target" warning sign, the deceased, who was seated next to the driver and holding a whiskey bottle in his lap, said: "how do you get this damn bottle open." The driver glanced toward the bottle and the car went off the road. The trial court ruled that as a matter of law the deceased was guilty of contributory negligence and directed a verdict for the defendant, and on appeal this ruling was affirmed. The situation there was clearly distinguishable from the instant case. In *Brandau* there was imminent danger of which the plaintiff had adequate warning and in the face of this danger he asked a question to which the natural reaction would be to distract the driver from the operation of his vehicle. In the instant case the act relied on by the defendant was not such as would distract the ordinarily prudent person and cause him to take his attention away from the road ahead.

There being no sufficient evidence from which the jury could have found that the appellee was contributorily negligent the trial court was correct in refusing to instruct the jury on con-

tributory negligence and directing a verdict for the plaintiff on that issue. *Gutterman v. Biggs,* 249 Md. 421, 240 A. 2d 260.

*Judgment affirmed, with costs.*