MARIE ELLEN QUINN, a MINOR, ETC., ET AL. *v.*
JOHN GILBERT GLACKIN

[No. 828, September Term, 1975.]

*Decided April 14, 1976.*

The cause was argued before MORTON, POWERS and DAVIDSON, JJ.

*Thomas Sisk,* with whom was *Richard R. Cooper* on the brief, for appellants.

*Sidney G. Leech* for appellee.

POWERS, J., delivered the opinion of the Court.

In this case it is contended that the rule of negligence law referred to as "last clear chance" provides a door, small, yet open to the appellants, which should permit them to pass through the otherwise impenetrable barrier known as the boulevard rule.

Using the evidence most favorable to the plaintiffs below as an aid to our vision, we have carefully searched for an opening in that barrier large enough to enable us to look through it and see a jury question. The evidence in this case simply does not create such an opening.

Marie Ellen Quinn, then 12 years old, was injured on 27 May 1974 when she and the bicycle on which she was riding on Route 313 in Kent County were hit by an automobile driven by John Gilbert Glackin. Marie, through her mother, Frances Poore Quinn, as next friend, filed a suit for damages against Mr. Glackin in the Circuit Court for Kent County. Her father, John Richard Quinn, and her mother joined in the suit as individual plaintiffs, asserting their derivative claim.

The case came on for trial before a jury and Judge George B. Rasin, Jr. At the close of the evidence offered by the plaintiffs on the question of liability, Judge Rasin granted a directed verdict in favor of the defendant. The Quinns took this appeal from the judgment thereafter entered against them.

All of the evidence showing how the accident happened came from Mr. Glackin, called by the appellants as an adverse witness, and from a Mr. Scott, who was driving a car which was travelling behind Mr. Glackin. Marie Quinn testified that she had no recollection of the event. Mr. Quinn testified briefly, describing the physical characteristics of his yard and driveway, and the road.

We see no conflicts in the evidence. It showed that a private driveway from the Quinns' house leads about 400 feet to Route 313, a two lane public highway. About 20 feet from the road the driveway drops below the level of the adjoining field to meet the level of the road. The embankment is $2^1/2$ to 3 feet high. Wheat growing in the field south of the driveway about 10 feet back from the public road was also about $2^1/2$ to 3 feet high, so that at that point the top of the wheat was about five feet above the surface of the driveway.

Mr. Glackin was driving north on the public road, at about 2:30 P.M., when he approached the Quinn farm. He said he was going about 45 to 50 miles an hour. He first saw the child right before the impact, when she was 9 or 10 feet from the edge of the road, going from east to west, towards the road. Mr. Glackin was about 100 feet from the driveway. He

"reacted", and applied his brakes when he was 30 or 40 feet from her. He did not blow his horn.

Mr. Scott testified that he was about 100 feet behind the Glackin car, driving at the same speed, which he said was 40 to 45 miles an hour. When he was about 335 feet from the driveway he had a quick glance of the upper part of a person in the driveway, 60 or 70 feet from the road, headed towards the road. She passed out of his vision, and the next time he saw her was when the car hit her. He saw the car slow down — he was gaining on it — but he did not see it dip and did not see brake lights. The impact was in the northbound lane of the road, even with the driveway. The bicycle had reached the center of the road. The left front of the car hit the bicycle. The child was thrown off to the west side of the road, and the car continued on about 100 or 200 feet, with the bicycle on the front of it.

Appellants acknowledge the applicability of the boulevard rule, which has been interpreted and applied numerous times by the Court of Appeals and by this Court. It will be sufficient here to refer to only two cases decided by the Court of Appeals, in each of which may be found a full discussion of the law. In *Creaser v. Owens*, 267 Md. 238, 297 A. 2d 235 (1972), the Court said, at 245:

> "In order to make crystal clear our holding here, we emphasize that if an unfavored driver is involved in an accident with a favored vehicle under circumstances where the boulevard law is applicable then in a suit based on that collision the unfavored driver is deemed to be negligent as a matter of law. And, if the unfavored driver is a plaintiff, his suit is defeated unless the doctrine of last clear chance rescues his claim."

And in *Hensel v. Beckward*, 273 Md. 426, 330 A. 2d 196 (1974), the Court said, at 431:

> "* * * when the unfavored driver sues, the 'boulevard rule' barring his recovery applies to an accident which occurs between an unfavored driver

and the favored motorist on the 'boulevard,' * * * unless, under appropriate circumstances, the unfavored driver is rescued by the doctrine of last clear chance, *Greenfeld v. Hook*, 177 Md. 116, 8 A. 2d 888 (1939)."

Appellants concede that under the law as expressed in these cases, Marie Quinn was contributorily negligent. They argue that Mr. Glackin was guilty of original negligence in failing to see the child when he was more than 100 feet from the driveway and she was more than 9 or 10 feet from the road, heading towards it without any indication of slowing or stopping, and that he was negligent in failing to blow his horn.

Arguing that in these circumstances there was then still time for the appellee to avoid the accident, the appellants seek to be rescued from the boulevard rule by the doctrine of last clear chance. Cases in which the Court of Appeals has held the doctrine of last clear chance inapplicable are legion, and cases in which the doctrine has been successfully invoked are few. The factual circumstances necessary for success have been explained many times.

In *Legum v. State*, 167 Md. 339, 173 A. 565 (1934), the Court of Appeals said, at 355:

"The amendment added by the court [to a requested prayer] rested upon the doctrine of the 'last clear chance,' which is that where one has through his own negligence placed himself in danger of injury at the hands of another which he is unable to prevent, that if the other knows or should know of his peril in time to avoid injuring him, and he fails to exercise reasonable care to do so, he is guilty of actionable negligence. That doctrine, which is fast becoming settled, is not to be confused with that of concurrent negligence, which is essentially a different thing. The basis of the doctrine of last clear chance is that the actor either has actual knowledge, or is under some legal duty which charges him with knowledge, (a) that if he

252

persists in a course which he is pursuing it will result in injury to another, (b) which the other cannot, because of ignorance or disability, be reasonably expected to avoid, (c) when the actor either has or is chargeable with that knowledge in time by the exercise of ordinary care to avoid injuring the plaintiff, but (d) fails to do so. *Bohlen, Studies in Law of Torts,* 293, note 5; 45 *C.J.* 984, 11 *C.J. et seq.*; 20 *R. C. L.* 138 and *Suppl.* Concurrent negligence may be attributed to one who negligently occupies a position of known danger, and continues to occupy it until injury results, when he could by reasonable care and diligence have escaped therefrom in time to have avoided the injury, and where the defendant, although he knew of plaintiff's position, may reasonably have inferred that he would move to a place of safety in time to escape injury."

In holding that last clear chance was not applicable the Court said further, at 356:

"There was evidence to support a clear inference that Becker was guilty of culpable negligence in the operation of the automobile, just as there was evidence to support the conclusion that Moran was negligent in remaining in the path of on-coming traffic, when by a couple of steps he could have reached a place of at least temporary safety. The negligence of both was concurrent, and continued up to the very moment of the collision."

Again rejecting a contention that last clear chance applied the Court of Appeals said in *MacKenzie v. Reesey,* 235 Md. 381, 201 A. 2d 848 (1964), at 387:

"Appellants, mistakenly, state that 'all the elements of last clear chance are found in the facts of this case.' We shall not discuss the doctrine in detail. We reaffirm what we said in *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, and *Peregoy v.*

*Western Md. R. Co.,* 202 Md. 203, wherein the doctrine is considered in quite some detail.

> "The doctrine presupposes primary negligence on the part of a defendant, contributory negligence on the part of a plaintiff, and a showing of something new or independent, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence and the plaintiff's contributory negligence. In the case at bar, there was no showing of a chance on the part of the defendant to avoid the consequences of his (assumed) negligence and the decedent's contributory negligence."

The rule was reiterated in *Sanner v. Guard,* 236 Md. 271, 203 A. 2d 885 (1964). The Court said, at 276:

> "Appellant next complains that the court was in error in refusing to instruct the jury on the doctrine of last clear chance. This doctrine clearly had no application to the facts of this case. We have many times reiterated that the doctrine (which presupposes the existence of both primary and contributory negligence) has no application where the contributory negligence of the plaintiff is concurrent with the primary negligence of the defendant. In order for the doctrine to apply, there must be a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence. *MacKenzie v. Reesey,* 235 Md. 381, 201 A. 2d 848; *State, Use of Taylor v. Barlly,* 216 Md. 94, 140 A. 2d 173; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 128 A. 2d 400; *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 95 A. 2d 867."

In *Oddis v. Greene,* 11 Md. App. 153, 273 A. 2d 232 (1971), a case factually quite similar to the present case, we rejected a contention that last clear chance applied, saying that there was no sequence of events showing that the favored driver

was presented with a new opportunity to avoid the consequences of the minor's contributory negligence. Again in *Roberts v. Fairchild*, 14 Md. App. 612, 287 A. 2d 778 (1972), we declined to apply the doctrine because the acts of negligence were concurrent, and not sequential.

In what is perhaps the most recent appellate consideration of last clear chance in Maryland the Court of Appeals, in *Smiley v. Atkinson*, 265 Md. 129, 287 A. 2d 770 (1972), affirmed the judgment and adopted the opinion of this Court in *Smiley v. Atkinson*, 12 Md. App. 543, 280 A. 2d 277 (1971), in which we reviewed the authorities and said, 12 Md. App. at 553:

> "However, the critical element is the existence of something new or independent, which affords the defendant a fresh opportunity, of which he fails to avail himself, to avert the consequences of whatever negligence had become part of the circumstances existing when the fresh opportunity is presented."

If the evidence in this case was sufficient to show any negligence at all on Mr. Glackin's part, and it is unnecessary to decide whether it was, then it was original negligence which continued, and concurred with the admitted negligence of Marie Quinn to cause her injury.

There could be no fresh opportunity available to Mr. Glackin to avoid the consequences of Marie Quinn's negligence until she did something negligent. Her approach down the driveway was not negligent, and did not then place her in a position of peril. Her lawful approach could not constitute notice to Mr. Glackin that she would fail to yield the right of way to him. A motorist on the favored highway has the right to assume that the unfavored driver will yield the right of way. *Dunnill v. Bloomberg*, 228 Md. 230, 234, 179 A. 2d 371 (1962).

Marie Quinn's negligence — her failure to yield the right of way to a motorist on the favored highway — was followed almost instantaneously by the accident. The trial judge

correctly ruled that there was no evidence to show that Mr. Glackin had a last clear chance to avoid the accident.

*Judgment affirmed.*
*Appellants to pay costs.*