MILTON E. PITTS, ETC. *v.* MARLENE GERTRUDE
BRADFORD MAHAN ET VIR

[No. 664, September Term, 1977.]

*Decided March 9, 1978.*

The cause was argued before MOYLAN, LISS and
MACDANIEL, JJ.

*Myles R. Eisenstein* for appellants.

*James K. Carmody,* with whom were *Serio, Carmody &
Nichols* on the brief, for appellees.

MACDANIEL, J., delivered the opinion of the Court.

Milton E. Pitts (Pitts), to his own use and to the use of
Bituminous Insurance Company, the appellants, have filed
this appeal from a directed verdict in favor of the appellee

granted by the trial court at the conclusion of the appellants' case.

The appellants raise two questions on appeal. The first is whether the trial court erred in finding Pitts guilty of contributory negligence as a matter of law. The second question is whether the trial court erred in not properly applying the doctrine of last clear chance.

In reviewing directed verdicts we are reminded that all evidence must be considered in the light most favorable to the plaintiff, and all conflicts in the evidence must be resolved in his favor. *Curley v. General Valet Service,* 270 Md. 248, 311 A. 2d 231 (1973). The plaintiff, however, is not entitled, in the absence of evidence, and upon a mere suggestion of possibilities, to have a jury speculate in his favor. *Gutterman v. Biggs,* 249 Md. 421, 240 A. 2d 260 (1967).

The facts giving rise to this case and the inferences fairly deducible therefrom are essentially undisputed.

On Saturday afternoon, June 29, 1974, Milton Edward Pitts was driving home from work accompanied by two of his fellow employees. As they were traveling north on Ft. Smallwood Road, the left rear tire of the pickup truck in which they were riding went flat. Pitts pulled over onto the right shoulder of the road. Unfortunately, he could not drive the truck completely off the roadway. The left side of the truck was positioned approximately two to four feet out into the northbound lane, exposing the left side of the truck to oncoming traffic. The position of the vehicle, however, did not deter Pitts from attempting to change the tire. While stooped down next to the left rear wheel, apparently unaware of oncoming traffic, Pitts was struck by a northbound automobile driven by the appellee, Marlene Gertrude Bradford Mahan (Mahan).

Ft. Smallwood Road in the area of the accident is a two lane highway divided by a double centerline. The road in the vicinity of the accident does not curve to the left or to the right but does transverse several hills. The top of one hill is two hundred to three hundred feet south of the point of impact. Another hill lies approximately four hundred feet north of the point of the collision.

Mahan, at the scene of the accident, advised the investigating police officer that as she crested the hill to the south of the truck she saw Pitts engaged in changing or looking at the left rear tire. As Mahan approached the disabled truck she pulled to the left across the centerline to pass. As she reached the truck an oncoming car forced her to swerve back to the right of the centerline. It was at this point that she struck Pitts. There was no evidence of speed on the part of Mahan.

On the basis of the above evidence Pitts' counsel, at trial, conceded that his client was guilty of contributory negligence. This admission was made in response to the court's questions. The exchange went as follows:

"COURT: Well, what about the duty of your client to observe?

MR. EISENSTEIN: I have no argument that he is, I am not going to argue about contributory negligence because he is in the road and it is not an intersection. He is, perhaps, guilty of, as contributory negligence. . . .

COURT: You admit that he was guilty of contributory negligence as a matter of law.

MR. EISENSTEIN: By being in the roadway. Yes sir. I won't argue that point.

COURT: You are arguing that it was last clear chance.

MR. EISENSTEIN: Yes sir. . . ."

This admission in effect made it unnecessary for the trial court to decide and rule on Pitts' contributory negligence. The issue, therefore, was not properly preserved for review. Maryland Rule 1085.

The real issue in this case is the trial court's ruling that the doctrine of last clear chance did not apply. The court ruled as a matter of law that the negligence of Pitts and the negligence of Mahan were concurrent. A finding of

concurrent negligence eliminates one of the legs on which the doctrine of last clear chance stands. *Sanner v. Guard,* 236 Md. 271, 203 A. 2d 885 (1964).

Generally, the law of last clear chance is that the contributory negligence of an injured person will not defeat recovery if the defendant, by the exercise of ordinary care, could have avoided the consequences of the injured person's negligence. A limitation of the general rule, which has been adopted by the Courts of Maryland, is that there can be no recovery if the negligence for which the plaintiff is responsible *concurs* with the negligence of the defendant. *Quinn v. Glackin,* 31 Md. App. 247, 355 A. 2d 523 (1975). To show sequential rather than concurrent negligence something new or independent must be shown which gave the defendant a fresh opportunity to avert the consequences of his negligence and the plaintiff's negligence. *Mackenzie v. Reesey,* 235 Md. 381, 201 A. 2d 848 (1964).

The appellants contend that the facts support a finding of sequential rather than concurrent negligence. The appellants argue that the appellee's negligence was in her failure to realize that the southbound approaching traffic would force her into the northbound lane at the point in the road where the disabled truck was located. It is proffered that this act of negligence sufficiently preceded the time of impact to support an inference of sequential negligence. We do not agree. The record reflects no evidence suggesting that the appellee knew or could have known where she would meet the oncoming traffic. To draw any other conclusion would be mere speculation.

The facts in the case fully support the trial court's finding of concurrent negligence. Pitts' admitted contributory negligence continued throughout the time he was in the roadway. Mahan's negligence, if any, immediately preceded the accident. She was in the process of avoiding Pitts when the approaching southbound traffic forced her back into the northbound lane. It was at this instant that the collision occurred. Appellants' case was devoid of any evidence to show that the appellee had an opportunity after being forced into the northbound lane to avoid the accident. In the absence

of a new opportunity to avoid the accident, the concurrent negligence of the parties precludes recovery. *Mackenzie v. Reesey, supra; Creighton v. Ruark,* 230 Md. 145, 186 A. 2d 208 (1962).

We therefore hold that the trial court was correct in finding concurrent negligence as a matter of law and directing a verdict for the appellee.

*Judgment affirmed.*
*Appellants to pay the costs.*